■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MOORE, Appellant.—Judgment, Supreme Court, Bronx County, rendered May 10, 1976, convicting defendant after a jury trial of criminal sale of a controlled substance in the second degree and sentencing him to an indeterminate term of six years to life, unanimously reversed, on the law, the judgment of conviction is vacated, and the matter remanded for a new *Wade* hearing and, if appropriate, for a new trial. The defendant testified in his own behalf and acknowledged his participation in the narcotics transaction alleged, although his version of the events differed in some significant respects from that presented by the undercover police officer. The defendant said that he was led into the situation by the repeated importunities of a paid police confidential informant, Janice Fusette, a prostitute with whom he had been intimate. The defendant claimed that Ms. Fusette pleaded with him to find someone to sell narcotics to a friend of hers who would pay her rent if she could locate a source of heroin. It was agreed that Ms. Fusette was indeed a paid police informant who had been instrumental in bringing the defendant together with the undercover police officer. The defendant's testimony, and the responses to the issues it presented by the District Attorney and the trial court, led to several errors of an unquestionably prejudicial character. 1. The court erred when it failed to submit to the jury at the defendant's request the defense of entrapment. The evidence clearly presented a factual issue on that defense which it was obligatory to submit to the jury. 2. The failure to produce Ms. Fusette at the trial as a possible defense witness was clear error. From the evidence it was apparent that she might well have information very material to the issues presented. It was the clear obligation of the District Attorney, who was in communication with Ms. Fusette and had effective control over her, to arrange for her appearance at the trial. *(People v Jenkins,* 41 NY2d 307; *People v Goggins,* 34 NY2d 163, cert den, 419 US 1012.) It was the clear obligation of the trial court to direct the District Attorney to make Ms. Fusette available, which direction he did not give. Finally, the court erred when it denied the defendant's request to execute compulsory process to require Ms. Fusette's appearance as a witness. (See CPL 640.10, subd 3.) Other errors have been urged on this appeal varying in importance and merit, but one of which requires comment. During the *Wade* hearing, concerned with a previous identification of the defendant by the undercover detective, the defendant was excluded from the courtroom. This exclusion, a palpable violation of his constitutional rights *(People v Anderson,* 16 NY2d 282, 286-287) has been sought to be justified on the ground that the defendant had voluntarily agreed to be absent. What in fact occurred was the defendant was given the choice of agreeing to his exclusion from the courtroom during the *Wade* hearing or having his bail immediately revoked until the conclusion of the trial. In our view, this does not constitute a voluntary consent to the deprivation of a basic constitutional right. For the foregoing reasons, the judgment of conviction is unanimously reversed, and the matter remanded for a new *Wade* hearing, and, if appropriate, for a new trial. Concur—Birns, J. P., Evans, Lane, Markewich and Sandler, JJ.