■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER LAUDER, Appellant.—Judgment, Supreme Court, New York County, rendered January 12, 1976, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second degree and in the fifth degree, unanimously reversed, on the law, and the matter remanded for a new trial. Defendant acknowledged possession of cocaine in the presence of an undercover officer, but offered testimony that a friend, a paid informant, over a two-month period repeatedly tried to induce and encourage him to obtain the drug for a third party, the officer. Defendant contended that he was not predisposed to commit the crime and that he had made no initiations of his own in the sequence of events leading to the transactions, relenting only after continuous pressure by one who had done him numerous favors. The issue of entrapment is a question of fact which is to be determined by a jury. *(People v Moore*, 62 AD2d 930.) Defendant clearly presented this issue with sufficient evidence to warrant its submission to the jury. *(People v Sundholm*, 58 AD2d 224.) The evidence that defendant did not co-operate for two months, that he had not had any dealings with drugs since leaving prison, and that he only succumbed after persistent entreaties by a man to whom he owed a debt of gratitude could lead a jury to infer that he was not otherwise disposed to commit the crime charged. The trial court, in our view, improperly denied defendant's request to charge the jury on the affirmative defense of entrapment (Penal Law, § 40.05), and this constituted prejudicial error requiring reversal and the grant of a new trial. We have examined defendant's other contentions and find them without merit. "The existence of an agency relationship furnishes no defense upon a charge for the mere criminal possession of a controlled substance, knowingly and unlawfully possessed." *(People v Sierra*, 45 NY2d 56, 58.) Concur —Kupferman, J. P., Evans, Fein, Lynch and Sandler, JJ.