■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS TORRES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered January 11, 1980, convicting him of murder in the second degree, robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him as a second felony offender to consecutive indeterminate terms of imprisonment of 20 years to life, 10 to 20 years, and 5 to 10 years, respectively. Judgment modified, on the law, so as to provide that the sentences be served

concurrently to one another. As so modified, judgment affirmed. On the morning of June 30, 1978, the police discovered the dead body of one Sebastian Lopez Perez in the vicinity of Clover Place and Cypress Avenue in Queens County, which was the area where the deceased had parked his 1967 Cadillac automobile on the previous evening. The automobile and wallet of the deceased were missing. Within a few days, the police discovered the whereabouts of the Cadillac and they also learned that tools which had been kept in its trunk had been sold therefrom by defendant, at a time when he was in possession of the Cadillac. After an investigation by the police, defendant became a suspect and thereafter was located in prison in New Jersey. Upon his request defendant was brought to New York pursuant to the interstate agreement on detainers for a final disposition of the Queens County matter (see CPL 580.20, art III, subd [a]). On his appeal from a judgment convicting him of felony murder, robbery and criminal possession of a weapon, defendant first contends that the indictment must be dismissed because the prosecution failed to bring him to trial within the 180-day statutory limit imposed by the interstate agreement on detainers (CPL 580.20, art III, subd [a]). The contention is without merit. Criminal Term correctly held, in denying the defendant's motion to dismiss the indictment upon that ground, that defendant waived his right to invoke the statutory limitation by his request for a suppression hearing, made on April 5, 1979. On that date the time limitation had not been reached, and the defendant's request for a suppression hearing constituted a waiver of the right to invoke the limitation thereafter, since it signified defendant's willingness to proceed to trial. As this court has stated in similar circumstances, "[a] hearing on a motion to suppress is a part of the trial * * * and the institution of the motion manifested a clear determination on the part of the defendant to continue to trial * * * Just as the constitutional right to a speedy trial may be waived (*People* v. *Prosser,* 309 N. Y. 353), so may the privilege conferred by the Agreement [on Detainers]" (*People v White,* 33 AD2d 217, 221). Defendant contends, in the alternative, that he is entitled to a new trial on the ground that his statement to a Detective Saia should have been suppressed. Since the detective knew at the time he took the statement that it was likely that defendant was represented by counsel with respect to an unrelated charge in Suffolk County, defendant's right to counsel during the subject interrogation was violated, i.e., he could not waive his right to counsel without counsel's presence (see *People v Bartolomeo,* 53 NY2d 225; *People v Rogers,* 48 NY2d 167). The People concede, as they must, that defendant is correct. The People also maintain, however, that the erroneous admission into evidence of defendant's statement to Detective Saia was harmless beyond a reasonable doubt (*Chapman v California,* 386 US 18; *Fahy v Connecticut,* 375 US 85). They claim that this is so, in part because defendant's sister also testified that defendant admitted the murder to her, so that Saia's testimony concerning defendant's statement to him was essentially cumulative. Analysis of harmless error in such a case requires a careful comparison of the tainted and untainted statements (see *People v Schaeffer,* 56 NY2d 448). Detective Saia testified that defendant told him that he walked over to a man who was standing next to a car with the door open. Defendant pulled out the gun he had, pointed the gun at the man's chest and said, "I'm not going to hurt you. All I want is your money." The man, however, grabbed for the gun and it went off. The testimony of defendant's sister was that defendant told her he had killed a man. Defendant said he was hungry and cold and got into a car "with this man" and asked the man for his money. They struggled with a gun, the gun went off, and the man was shot. The tainted statement is no more elaborate in detail than the untainted one. Moreover, the statement made by defendant to

his sister, a blood relative with whom he was staying temporarily, carries as much persuasive authority as the statement defendant made to the police. In addition to the sister's testimony, there was the testimony of a witness who identified the defendant as the man who was driving a Cadillac and from whom the witness and a friend purchased tools which defendant took from its trunk. There was other testimony by members of the family of the deceased that he had carried tools in the trunk of his car. We conclude that the admission of Detective Saia's testimony in these circumstances was harmless beyond a reasonable doubt (*People v Schaeffer,* 56 NY2d 448, *supra; cf. People v Coles,* 89 AD2d 471). Defendant's contention with respect to the court's instructions to the jury was not preserved for appellate review (see CPL 470.05, subd 2). Were we to consider the alleged error, we would not find it grounds for reversal. Finally, the sentences imposed on the three counts of which defendant was convicted must be modified so as to make them run concurrently rather than consecutively, because, as the People concede, those counts all arose out of the single act and therefore consecutive sentences are prohibited (see Penal Law, § 70.25, subd 2). Gibbons, Thompson and Niehoff, JJ., concur; Titone, J. P., concurs in the result.