■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS TORRES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered January 11, 1980, convicting him of murder in the second degree, robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him as a second felony offender to consecutive indeterminate terms of imprisonment of 20 years to life, 10 to 20 years, and 5 to 10 years, respectively. By order dated January 10, 1983, this court modified the judgment, on the law, so as to provide that the sentences be served concurrently to one another and, as so modified, affirmed the judgment (*People v Torres,* 91 AD2d 1005). By order dated October 27, 1983, the Court of Appeals reversed that order and remitted

the case to this court for further proceedings (*People v Torres,* 60 NY2d 119). ¶ Matter remitted to Criminal Term to hear and report on how much, if any, of the period between November 13, 1978 and February 5, 1979 is chargeable against defendant as a reasonable and necessary delay brought about by his omnibus motion; appeal held in abeyance in the interim. Criminal Term shall file its report with all convenient speed. ¶ On this appeal, defendant challenges the denial of his motion to dismiss the indictment upon the ground that the prosecution failed to bring him to trial within the 180-day statutory limit imposed by the Interstate Agreement on Detainers (CPL 580.20, art III, subd [a]). In this matter, we previously held that defendant's claim was without merit because he had waived his rights under the agreement by making a suppression motion (*People v Torres,* 91 AD2d 1005, 1006, *supra*). ¶ Thereafter, the Court of Appeals held that we had erred in concluding that a waiver had occurred in this case (*People v Torres,* 60 NY2d 119, 124-125, *supra*). The matter was remitted to us for a determination "as to what period following the making of defendant's omnibus motion on November 13, 1978 and prior to the District Attorney's first request on February 5, 1979 for an adjournment to procure a copy of the Grand Jury minutes should be charged against defendant as a reasonable and necessary delay brought about by his motion" (p 128). The court stated that "[i]f it is found that less than 10 days of that interval are chargeable to defendant as a consequence of his omnibus motion, then defendant's motion to dismiss for failure of compliance with the Agreement on Detainers should be granted. On the other hand, if it is found that the period chargeable to defendant is 10 days or more, the case should be remitted for a new trial because of the error in denial of suppression of the testimony by Detective Saia as to defendant's statement made to him in the absence of counsel" (p 128). ¶ Since, based upon the record, we are unable to resolve the question of how much, if any, of the delay which followed defendant's omnibus motion may reasonably be attributed to that motion, we are remitting the matter to Criminal Term to hear and report on the issue with all convenient speed. Titone, J. P., Gibbons, Thompson and Niehoff, JJ., concur.