■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO TORRES, Appellant. — Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered April 16, 1984, convicting him of robbery in the third degree, upon his plea of guilty, and sentencing him to an indeterminate term of imprisonment with a maximum of four years.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS TORRES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered January 11, 1980, convicting him of murder in the second degree, robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and

sentencing him, as a second felony offender, to consecutive indeterminate terms of imprisonment of 20 years to life, 10 to 20 years, and 5 to 10 years, respectively. By order dated January 10, 1983, this court modified the judgment, on the law, so as to provide that the sentences be served concurrently to each other and, as so modified, affirmed the judgment (*People v Torres,* 91 AD2d 1005). On October 27, 1983, the Court of Appeals reversed the order of this court and remitted the case here for further proceedings in accordance with an opinion by Jones, J. (*People v Torres,* 60 NY2d 119). By order dated March 19, 1984, this court remitted the case to Criminal Term to hear and report on how much, if any, of the period between November 13, 1978 and February 5, 1979 is chargeable against defendant as a reasonable and necessary delay brought about by his omnibus motion. In the interim, we held the appeal in abeyance (*People v Torres,* 100 AD2d 602). Criminal Term (Balbach, J.) has filed its report.

Judgment reversed, on the law, that branch of defendant's motion which was to suppress the statement given by defendant to Detective Bruno Saia granted and new trial ordered.

Upon remittal, the People and the defendant submitted the matter to Criminal Term on a stipulated set of facts and the court records. Based upon those submissions, Criminal Term held that 21 days of the period in question were chargeable against defendant as a reasonable period of delay caused by his omnibus motion. In so holding, Criminal Term found that 21 days was a reasonable and necessary period for the transcription and production of the Grand Jury minutes needed by the court to decide the defendant's omnibus motion. As the stipulated record before Criminal Term adequately supported such a finding, we affirm that finding of fact. In the course of its decision which, *inter alia,* remitted the case back to this court, the Court of Appeals stated that "if 10 or more days of that period are ascribed to defendant's omnibus motion made on November 13, 1978, the statutory period had not elapsed, and it was not error to deny defendant's motion to dismiss" (60 NY2d 119, 124, *supra*). Having found that at least 10 days are chargeable to the defendant, we conclude that there was no violation of defendant's speedy trial rights under the Interstate Agreement on Detainers (CPL 580.20).

In addition to the speedy trial issue, the Court of Appeals ruled that it was error to have denied that branch of defendant's motion which was to suppress testimony by a detective relating to a statement obtained from the defendant in violation of his right to counsel. Hence, the judgment appealed from is reversed, the defendant's suppression motion is granted to the extent that

the statement given by him to Detective Bruno Saia is suppressed, and a new trial is ordered. Titone, J. P., Gibbons, Thompson and Niehoff, JJ., concur.