■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL ZAMBRANO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered June 10, 1982, convicting him of kidnapping in the second degree (three counts), robbery in the first degree and criminal use of a firearm, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant contends that the trial court erred in precluding him from testifying to a number of hearsay conversations. These conversations, claims defendant, were admissible as an exception to the hearsay rule since they were reflective of defendant's state of mind during the alleged kidnapping of which he now stands convicted. Initially, we note that, with the exception of certain inconsistent statements allegedly made by complainant Glen Goldman, defense counsel failed to discharge his burden of making a specific offer of proof as to the admissibility of the testimony after the People's objection thereto (Fisch, New York Evidence § 22, at 14 [2d ed]). Consequently, since the admissibility of the aforesaid testimony could have been resolved by proper offer of proof at trial, the issue cannot be raised for the first time on appeal *(cf. First Intl. Bank v Blankstein & Son,* 59 NY2d 436; *Matter of Glazer v Hankin,* 50 AD2d 924). With respect to the alleged inconsistent statements of complainant Goldman as to which defendant contends his testimony was improperly restricted, we note that defendant was twice permitted to testify that Goldman himself suggested that he accompany defendant and his

companions. This same conversation was, in substance, repeated again twice when defendant's arrest statement was read to the jury.

Although, as the People concede, the hearsay testimony of Detective McKinley was erroneously admitted, our review of the record discloses that the defendant's guilt was overwhelmingly established and that the admission of the testimony, therefore, represented harmless error (see, People v Johnson, 57 NY2d 969).

Finally, and contrary to defendant's contention, the evidence at bar was sufficient to sustain defendant's conviction of robbery in regard to complainant Camera's automobile. When viewed most favorably to the People, the evidence indicates that defendant and his accomplices abducted the complainants, ordered them into the Camera vehicle, and held them prisoner therein at gunpoint. Although Camera was subsequently released, his automobile was not returned. Rather, he was informed that it would be left for him approximately seven blocks away. The automobile was not, however, dropped off as promised, but rather was found abandoned several miles from where Camera had been released. Based upon the aforesaid, there was sufficient evidence from which the jury could infer the requisite larcenous intent to "appropriate" and "deprive" within the meaning of Penal Law § 155.00. Niehoff, J. P., Lawrence, Eiber and Kooper, JJ., concur.