■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY BILLUPS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne J.), rendered April 25, 1980, convicting him of murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing consecutive indeterminate terms of imprisonment of 25 years to life, 8⅓ to 25 years, and 5 to 15 years, respectively.

Ordered that the judgment is modified, on the law, by providing that the indeterminate term of imprisonment of 5 to 15 years imposed upon the conviction for criminal possession of a weapon in the second degree shall run concurrently with the sentence imposed with respect to the conviction of murder in the second degree; as so modified, the judgment is affirmed.

Viewed in a light most favorable to the People, the evidence establishes that at some time between 7:00 and 7:30 P.M. on May 26, 1978, the defendant Billy Billups intentionally murdered Thomas Chisolm following an argument which took place in the apartment of Chisolm's sister. The evidence further shows that, after the shooting of Mr. Chisolm, the defendant intentionally aided his codefendant, Robert Summerset, in the forcible stealing of property from Chisolm's sister. On a previous appeal to this court, this court affirmed Summerset's conviction of robbery in the first degree and criminal possession of a weapon in the second degree, but vacated his conviction of murder in the second degree, finding that the People failed to prove that he intended to kill Thomas Chisolm *(see, People v Summerset,* 100 AD2d 947). There is no similar failure of proof with respect to the defendant Billups, who fired the fatal shot; his guilt of intentional murder was proved beyond a reasonable doubt by an overwhelming quantum of evidence.

Among the defendant's numerous contentions on appeal is his argument that the court erred in refusing to permit an expert witness, called by the defense, to testify. It had been

established, during their cross-examination, that two of the prosecution's identifying witnesses were former heroin addicts who, as of the time of the incident, were on a methadone maintenance program. The defense intended to question the proposed expert witness as to whether the use of methadone could have impaired the ability of these witnesses either to perceive the events about which they testified or to recollect what they had perceived. Contrary to the opinion expressed by the trial court, this is a matter which relates to the testimonial capacity of the witnesses, and their ability to remember and perceive, and is not a collateral matter *(see, People v Freeland,* 36 NY2d 518; *People v English,* 126 AD2d 738; *People v Knatz,* 76 AD2d 889; *cf., People v Williams,* 6 NY2d 18, *cert denied* 361 US 920, *rearg denied* 10 NY2d 1011). Thus, if it had appeared that the proposed expert witness was in any position to offer relevant testimony in this respect, he should have been allowed to testify.

However, it is clear from the contents of the record on appeal that this expert was prepared to offer nothing more than speculation. The defense counsel was given an unlimited opportunity to make an offer of proof concerning the scope of the expert's testimony. "It is a cardinal and well-settled principle that offers of proof must be made clearly and unambiguously" *(People v Williams, supra,* at 23). Where there is a bona fide objection to the offer of certain evidence, the proponent of such evidence must take advantage of the opportunity to make an offer of proof in order to demonstrate the relevance of the disputed evidence *(see, e.g., People v Lyons,* 115 AD2d 766; *People v Zambrano,* 114 AD2d 872, *lv denied* 67 NY2d 659; *People v Brown,* 68 AD2d 503, 512; Fisch, New York Evidence § 22 [2d ed]). In his offer of proof regarding the proposed expert testimony, the defense counsel did not indicate that the expert had examined either of the witnesses, or any of the records relating to their methadone treatment. The defense counsel did not state that the expert would testify that, based on what was known of the witnesses' methadone usage from their testimony (the frequency and dosage of the medication, etc.), they may have been impaired in any way at any relevant time. In short, counsel's opportunity to demonstrate the relevance of the proposed testimony was unlimited, and there was a complete failure to demonstrate any relevance. A new trial is not warranted under these circumstances.

We have examined the defendant's remaining arguments, including those raised by him *pro se,* and find that the court

did commit error in connection with certain rulings, including, for example, permitting the prosecutor to cross-examine the defendant as to his failure to contact police after the crime and prior to his arrest *(see, People v Pressley,* 93 AD2d 665, 669). However, the cumulative effect of those errors which were preserved for review as a matter of law was not such as to warrant a new trial *(see, People v Crimmins,* 36 NY2d 230; *People v Kingston,* 8 NY2d 384, 387-388). We do not choose to exercise our jurisdiction to review any unpreserved errors in the interest of justice.

Finally, the sentence imposed must be modified. The evidence demonstrates that the murder of Mr. Chisolm and the subsequent robbery of his sister were based on separate acts, so that the sentences imposed with respect to those crimes may be consecutive *(see,* Penal Law § 70.25 [2]; *People v Brathwaite,* 63 NY2d 839; *People v Tanner,* 30 NY2d 102; *People v Sims,* 105 AD2d 1087). However, the sentence imposed for the crime of criminal possession of a weapon in the second degree should run concurrently with the sentence imposed for murder in the second degree *(see, People v Terry,* 104 AD2d 572; *People v Torres,* 91 AD2d 1005, 1007, *revd on other grounds* 60 NY2d 119). Niehoff, J. P., Lawrence, Weinstein and Kunzeman, JJ., concur.