■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTHA WEATHERSPOON, Appellant.—Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for further proceedings, in accordance with the following memorandum: Viewing the evidence, as we must, in the light most favorable to the defendant, we conclude that the trial court erred in denying defendant's request to charge entrapment as an affirmative defense (see, People v Butts, 72 NY2d 746; People v Lauder, 65 AD2d 520; People v Riley, 65 AD2d 608; People v Moore, 62 AD2d 930; People v Sundholm, 58 AD2d 224, 228). Thus viewed, the evidence established that defendant repeatedly refused to sell cocaine despite repeated and persistent requests for nearly two months from a person with whom she had a close relationship and that she only arranged the subject sale in the hope that this person would stop badgering her for more drugs. The court's failure to charge entrapment requires reversal because the defense was central to defendant's case (see, People v Watts, 57 NY2d 299, 301; People v Steele, 26 NY2d 526, 529; cf., People v Warren, 76 NY2d 773). A new trial is required, however, only on those counts of the indictment to which the defense of entrapment would have applied, and not on the two counts of criminal possession of a con-

trolled substance in the third degree and one count of criminal use of drug paraphernalia in the second degree, which were based on evidence seized pursuant to a valid search warrant.

Defendant's remaining contentions lack merit. Defendant was not entitled to a missing witness charge because the proposed testimony of that witness would have been cumulative *(see, People v Almodovar,* 62 NY2d 126, 132-133; *People v Buckler,* 39 NY2d 895). Defendant's claim that her conviction of second degree conspiracy was inconsistent with the verdict acquitting the codefendant of the same charge was not properly preserved by timely objection *(see, People v Satloff,* 56 NY2d 745, 746) and lacks merit in any event *(see, People v Berkowitz,* 50 NY2d 333, 342-343; *People v Schwimmer,* 47 NY2d 1004, 1005). On this record no aspect of defendant's sentence is harsh and excessive.

Accordingly, defendant's convictions of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, and conspiracy in the second degree must be reversed, the sentences thereon vacated and a new trial granted. Otherwise the judgment is affirmed. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—criminal sale of controlled substance, first degree.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.