■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH B. GREANY, Appellant.—Weiss, P. J. Appeal from a judgment of the County Court of Madison County (Humphreys, J.), rendered November 16, 1989, upon a verdict convicting defendant of the crimes of criminal sale of marihuana in the fourth degree and criminal sale of a controlled substance in the third degree (three counts).

Defendant was charged with three counts of criminal sale of a controlled substance in the third degree and one count of criminal sale of marihuana in the fourth degree in connection with four separate transactions consisting of controlled undercover buys. Defendant was convicted after a trial in which he represented himself and has appealed.

Of the several points raised on this appeal, only three require extensive discussion here. Defendant's first contention is that County Court erred in precluding the testimony of his witness Robert Rinauto. When the People objected to the witness on relevancy grounds, defendant made an offer of proof claiming that the testimony was relevant to his defense of entrapment. The offer of proof was essentially that the witness, a close friend of defendant, was acting as an undercover police informant during the time period involved, and that defendant had not sold him anything. County Court excluded the proposed testimony as irrelevant to the pending charges.

It is well established that offers of proof must be made

clearly and without ambiguity *(People v Williams,* 6 NY2d 18, 23, *cert denied* 361 US 920; *People v Billups,* 132 AD2d 612, 613, *lv denied* 70 NY2d 873, 1004). A party who takes exception to the rejection of evidence must be certain that the offer of proof is made plainly and unequivocally, leaving no room for debate about what was intended *(People v Williams, supra,* at 23). Here, defendant's offer of proof failed to suggest that the witness ever requested drugs from defendant, much less persistently solicited sales to him by defendant *(see, People v Weatherspoon,* 167 AD2d 865). On the following day County Court reiterated its understanding of defendant's offer to be that although Rinauto was working with the police, no attempt to buy drugs from defendant was made by either Rinauto or the police. Defendant simply failed to clearly and unambiguously make an offer of proof which demonstrated the relevance of the evidence *(see, People v Cotto,* 159 AD2d 385, *lv denied* 76 NY2d 786; *People v Zambrano,* 114 AD2d 872, *lv denied* 67 NY2d 659; *see also,* Fisch, New York Evidence § 22, at 14 [2d ed]).

Defendant next claims that three failures by the People concerning *Rosario* materials *(see, People v Rosario,* 9 NY2d 286, 289, *cert denied* 368 US 866) require reversal. The only contention warranting discussion is the loss of a police officer's notes containing the serial numbers of the "buy money", which notes were transcribed in a report made by the officer before the money was given to defendant. Defendant claims that he was prejudiced by the loss and that County Court erred in failing to appropriately sanction the People *(see, People v Spivey,* 177 AD2d 216, 221). We recognize that a failure by the People to exercise care in the preservation of *Rosario* material which results in prejudice to a defendant requires a court to apply an appropriate sanction *(People v Wallace,* 76 NY2d 953). Here, the People do not dispute that the officer's notebook was *Rosario* material *(see, People v Wallace, supra,* at 955). In analyzing lost *Rosario* material, the focus must be on the overriding need to eliminate prejudice to a defendant, which we find absent in this case *(see, People v Spivey, supra,* at 221). The police officer testified that he wrote the serial numbers on a piece of paper which contained no other notes and then personally transcribed those numbers onto his typed report. The report with the serial numbers was appropriately authenticated. Inasmuch as no prejudice was shown to have resulted from the mere transcription of the serial numbers onto a duplicate equivalent or copy, the circumstances of which were fully explored at trial, a sanction

was unwarranted *(see, People v Dolan,* 172 AD2d 68, 76, *lv denied* 79 NY2d 946; *People v Winthrop,* 171 AD2d 829; *People v Merchant,* 171 AD2d 887; *see also, People v Ranghelle,* 69 NY2d 56, 63).

Nor do we find that error resulted from defendant's *pro se* representation of himself, particularly since he demanded this right clearly and unambiguously *(see, People v McIntyre,* 36 NY2d 10). County Court conducted a probing inquiry into defendant's intentions and abilities, fully cautioned him about the risks and potential consequences of self-representation, actively discouraged it, and then provided an experienced criminal defense attorney to serve both as a consultant and as a stand-by attorney in the event defendant changed his mind. It is eminently clear that defendant made a knowing and intelligent waiver of his right to counsel *(see, People v Reason,* 37 NY2d 351). The record shows that while defendant was occasionally disruptive, his conduct was neither calculated to undermine, upset or unreasonably delay the trial, nor did he prevent the fair and orderly exposition of facts and issues *(see, People v McIntyre, supra,* at 17-18).

The remaining contentions are unpersuasive. Defendant was not deprived of his right to prepare a defense because of alleged inadequacies in the jail law library. The record shows that assigned advisory counsel did assist him with legal issues and with his defense *(see, People v Hendy,* 159 AD2d 250, *lv denied* 76 NY2d 736, 893). Moreover, defendant has failed to articulate specific facts which show how any of the alleged inadequacies resulted in prejudice to him. His failure to offer support for all the contentions raised on this appeal presents to this court only supposition, conjecture and speculation, wholly insufficient to enable him to succeed on this appeal *(see, People v Rivera,* 71 NY2d 705, 709).

We have carefully examined all of the remaining arguments advanced by defendant and find them to be without merit.

Yesawich Jr., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed.