■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS C. TENACE, Appellant. [649 NYS2d 218] —White, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered April 4, 1995, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

Defendant and a codefendant, Dennis Garrette, were indicted in connection with the beating death of a man in the City of

Amsterdam, Montgomery County, on or about November 28, 1991, and charged with three counts of murder in the second degree, two counts of robbery in the first degree and other various counts of grand larceny, criminal possession of stolen property and petit larceny. Defendant and Garrette were jointly tried with two juries; however, on February 2, 1994, County Court granted defendant's motion for a mistrial pursuant to CPL 280.10 (1). A second trial against defendant alone was commenced on January 3, 1995, which ultimately resulted in defendant being found guilty of the lesser included offense of manslaughter in the first degree and acquitted of all other charges. Defendant was sentenced to a term of imprisonment of $8^1/_3$ to 25 years. Defendant appeals from this conviction but his appeal is limited to the court's ruling under CPL 60.43, which excluded testimony regarding the victim's prior sexual conduct.

The record in this case shows that defendant, then age 19, and Garrette, after a night of partying, were in the downtown area of the City of Schenectady, Schenectady County, on the late evening of November 27 or early morning of November 28, 1991, when a 68-year-old man (hereinafter the victim) drove up and engaged them in conversation. After some discussion about drinking and smoking marihuana, defendant and Garrette entered the victim's car and were driven to the victim's home in Amsterdam. According to defendant, during this trip the victim asked him various questions regarding male sex and discussed liaisons with younger boys.

They arrived at the victim's home and while there defendant testified that the victim made several sexual advances, including grabbing him in the crotch and suggesting anal intercourse, which were rejected by defendant. Defendant further testified that the victim then showed him various photographs and pictures in magazines depicting nude or scantily clothed boys and young men. Defendant and Garrette then agreed to pose for the victim in their underwear, with the understanding that the victim would then take them home. After the pictures were taken, defendant testified that he heard Garrette yelling and he observed the victim making a sexual advance toward Garrette. Defendant and Garrette then attacked the victim and they proceeded to administer a severe beating with their fists and a ceramic statue. The victim fell to the floor and defendant and Garrette tied his hands and feet with electric cord and gagged him with a tee shirt. Defendant and Garrette proceeded to steal not only the ceramic statue that had been used in the assault, but also various other items, including a

VCR, money from the victim's wallet, Christmas gifts and his automobile. Before leaving the premises, they cleaned the house of any indication of their presence. The victim was subsequently found dead in his home later that day, still bound and gagged.

Defendant contends that the evidence of the victim's prior sexual conduct was relevant and sought to introduce evidence that the victim had engaged in sexual relationships with other young boys in the past to establish the defense of justification and extreme emotional disturbance, and that County Court erred in its preclusion. However, CPL 60.43, which was enacted in 1990, specifically provides that the past sexual conduct of a deceased victim may not be admitted in the prosecution of any offense unless such evidence is determined by the court to be relevant and admissible in the interest of justice after an offer of proof. We first note the well-settled principle that "offers of proof must be made clearly and unambiguously", in plain and unequivocal terms (*People v Williams*, 6 NY2d 18, 23, *cert denied* 361 US 920), but in this case the record discloses only general statements by the defense about alleged prior instances of homosexual behavior by the victim with little, if any, specificity.

In any event, County Court's ruling did not prejudice defendant since the People never disputed the victim's homosexual proclivities and the People's opening statement acknowledged the victim's affection for young men. In addition, defendant testified without challenge and in considerable detail as to the sexual advances made by the victim, the pictures which the victim showed to defendant and the photographs of defendant taken by the victim. Thus, the record is replete with testimony demonstrating the victim's homosexual proclivities and since the jury was given ample evidence of the victim's sexual orientation, further testimony in this area would have been merely cumulative.

Therefore, we find that County Court's denial of defendant's motion to allow testimony as to the victim's past sexual practices was not an abuse of discretion (*see generally, People v Culver*, 192 AD2d 10, *lv denied* 82 NY2d 716).

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed.