■ In the Matter of ANTHONY D., a Person Alleged to be a Juvenile Delinquent, Appellant. MICHAEL E. LYNCH, as Albany County Attorney, Respondent. (And Another Related Proceeding.) [654 NYS2d 855] —Crew III, J. P. Appeals (1) from an order of the Family Court of Albany County (Tobin, J.), entered April 19, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent, and (2) from an order of said court, entered April 19, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to adjudicate respondent a person in need of supervision.

By petition dated March 25, 1996, petitioner charged respondent with committing certain acts which, if committed by an adult, would constitute the crimes of menacing in the second degree, criminal possession of a weapon in the fourth degree and attempted assault in the second degree. The charges stemmed from an incident that occurred earlier that day, wherein respondent allegedly chased and struck the victim on the back with a baseball bat near Giffen Elementary School in the City of Albany. At the conclusion of the fact-finding hearing that followed, at which the victim, two school employees, respondent and respondent's mother appeared and testified, Family Court concluded that petitioner had established, beyond a reasonable doubt, that respondent had committed the acts alleged in the petition. Family Court thereafter adjudicated respondent a juvenile delinquent and, based upon a separate petition filed against respondent due to his truancy, adjudicated him a person in need of supervision. Family Court placed respondent in the custody of the local Department of Social Services for placement at the La Salle School for a one-year period expiring March 31, 1997. These appeals by respondent followed.

As a starting point, we note that although respondent appealed from the order adjudicating him a person in need of supervision, he has not raised any argument in his brief regarding that determination. Hence, we deem respondent to have waived any issues with respect thereto.

Turning to the order adjudicating respondent a juvenile delinquent, respondent first contends that Family Court erred in excluding evidence of a prior confrontation between respondent and the victim, as such evidence was relevant to establishing whether the victim was hostile toward respondent and/or had a motive to lie. Although "[e]vidence which directly demonstrates a witness's bias, hostility, or interest in the outcome is generally admissible as relevant to the [fact finder's] consideration of that witness's credibility" (*People v Shairzai*, 215 AD2d 259, 263, *lv denied* 86 NY2d 802), respondent did not articulate bias, hostility or motive to lie as a basis for the proffered evidence. In this regard, it is well settled that "offers of proof must be made clearly and without ambiguity" (*People v Greany*, 185 AD2d 376, 376-377, *lv denied* 80 NY2d 1027). Specifically, "[a] party who takes exception to the rejection of evidence must be certain that the offer of proof is made plainly and unequivocally, leaving no room for debate about what was intended" (*id.*, at 377; *see, People v Williams*, 6 NY2d 18, 23, *cert denied* 361 US 920; *People v Billups*, 132 AD2d 612, 613, *lv*

*denied* 70 NY2d 873, 1004). Here, however, the record discloses only general statements by respondent's counsel regarding a "connection" between the March 25, 1996 incident and another incident between respondent and the victim that allegedly occurred a few days earlier (*see generally*, *People v Tenace*, 232 AD2d 896, 898). Under these circumstances, Family Court did not err in excluding the proffered testimony.*

Respondent's remaining arguments do not warrant extended discussion. Based upon our review of the record as a whole, we are satisfied that Family Court's findings are not against the weight of the evidence (*see*, *People v Bleakley*, 69 NY2d 490, 495). The victim unequivocally testified that when he encountered respondent on the morning in question, approximately one block away from the school, respondent began chasing him and, as the two neared the school, struck him on the back with a baseball bat. Although respondent denied having a bat in his possession on that day, this merely presented a credibility issue for Family Court to resolve (*see*, *Matter of James OO.*, 234 AD2d 822, 823; *Matter of Nevada FF.*, 214 AD2d 814, 815, *lv denied* 86 NY2d 703). Additionally, although respondent makes much of the fact that three adults (his mother and two school employees) testified that they never saw him with a bat on the morning of the incident, it is apparent from a review of the record that none of these individuals actually witnessed the altercation between respondent and the victim and, indeed, did not encounter respondent and the victim until after the boys arrived at school, i.e., after the incident occurred. Respondent's remaining contentions, including his assertion that Family Court improperly applied a missing witness charge, have been examined and found to be lacking in merit.

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.

---

* Moreover, although not entirely clear from the record, it appears that the victim responded affirmatively when asked if he had any problems or altercations with respondent in the past and, hence, to the extent that respondent was attempting to demonstrate bias or hostility, such evidence was before Family Court for its consideration.