■ In the Matter of ANTHONY D., a Child Alleged to be a Juvenile Delinquent, Appellant. VICTOR ALICEA, as Youth Division Counselor for the New York State Office of Children and Family Services, Respondent. [710 NYS2d 203] —Crew III, J. P. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered December 21, 1999, which denied respondent's motion, in a proceeding pursuant to Family Court Act article 3, to dismiss the petition as untimely.

In July 1996, respondent was adjudicated to be a juvenile delinquent and placed in the custody of the local Department of Social Services (*see*, 237 AD2d 706). Respondent's placement in this regard subsequently was terminated, following which respondent was placed in the custody of the State Office of Children and Family Services (hereinafter petitioner). Various extensions of placement thereafter were granted.

In July 1999, respondent was transferred from a residential facility to a day placement program administered by petitioner (*see*, Executive Law § 502-a [1]). Pursuant to the terms and conditions of this program, respondent was considered to be "in facility" until such time as he was conditionally released and placed in an "aftercare" program (*see*, Executive Law § 510-a).

On August 13, 1999 respondent, based upon his apparent violation of program rules or conditions, was declared to be absent without leave (hereinafter AWOL) and a warrant was issued for his apprehension and return to petitioner's custody. Thereafter, on or about September 16, 1999, respondent was arrested on unrelated criminal charges, arraigned and remanded to the Albany County Jail. Respondent subsequently was convicted for a violation of probation[1] and sentenced to four months in jail.

Thereafter, on or about October 25, 1999, petitioner filed a

---

1. Although not entirely clear from the record, it appears that while in petitioner's custody, respondent also was serving a three-year probation sentence stemming from a prior criminal incident.

petition to again extend respondent's placement, which was due to expire on November 18, 1999. Respondent moved to dismiss the petition, contending that such petition was untimely. Family Court denied the motion to dismiss, prompting this appeal by respondent.[2]

Family Court Act § 355.3 (1) provides, in relevant part, that a petition to extend the placement of a juvenile delinquent "shall be filed at least sixty days prior to the expiration of the period of placement, except for good cause shown". Noting that his placement was due to expire on November 18, 1999 and that petitioner did not file its application for an extension of such placement until October 25, 1999, respondent argues that the underlying petition was untimely and, as such, should have been dismissed. Petitioner, relying upon the provisions of Executive Law § 510-b (7), asserts that the period of respondent's placement was tolled in August 1999 when respondent went AWOL and remained tolled during respondent's subsequent period of incarceration on the unrelated criminal charges.

Pursuant to Executive Law § 510-b (7), when a child such as respondent is absent from a placement with petitioner: "[such] absence shall interrupt the calculation of the time of such placement or commitment and such interruption shall continue until the return of the child to the facility or authorized agency in which the child was placed or committed. Any time spent by such child in custody from the date of absence to the date the placement * * * resumes shall be credited against the time of such placement or commitment provided: (a) That such custody was due to an arrest or surrender based upon the absence; *or* (b) That such custody arose from an arrest or surrender on another charge which did not culminate in a conviction, adjudication or adjustment" (emphasis supplied). Respondent essentially concedes, and indeed the record reveals, that Executive Law § 510-b (7) (b) affords no relief here, as respondent's arrest on the unrelated criminal charges culminated in a conviction. Thus, the issue before us distills to whether respondent's placement was tolled by virtue of Executive Law § 510-b (7) (a).

Respondent's primary argument as to the applicability of Executive Law § 510-b (7) (a) centers upon his assertion that once he was taken into custody by local law enforcement officials on the unrelated criminal charges, petitioner's warrant mandated

---

**2.** We have been advised by the parties that respondent's placement with petitioner subsequently was extended for an additional six-month period effective March 8, 2000.

that he be detained until such time as he was released to petitioner's custody. Thus, the argument continues, the fact that he ultimately was convicted and incarcerated on other charges is of no moment, as any detention after the date of his arrest (September 16, 1999) was the product of petitioner's warrant. Respondent's argument on this point, however, overlooks one key fact—namely, that his detention was not "due to an arrest or surrender based upon [his] absence" (Executive Law § 510-b [7] [a]) from his placement with petitioner but, rather, upon his arrest on the unrelated criminal charges. That being the case, respondent is not entitled to a credit under Executive Law § 510-b (7) (a) for the time that he spent in jail. To the extent that respondent asserts that he would have been released on bail but for the existence of petitioner's warrant, we need note only that such assertion (to the extent even relevant) is not supported by the record before us. Respondent's remaining arguments as to the timeliness of the petition for extension of placement have been examined and found to be lacking in merit.

Spain, Carpinello, Graffeo and Rose, JJ., concur. Ordered that the order is affirmed, without costs.