◼ In the Matter of ANDRE T., a Person Alleged to be a Juvenile Delinquent, Appellant. NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, Respondent. [829 NYS2d 495]—

Order, Family Court, Bronx County (Alma Cordova, J.), entered on or about July 18, 2006, which extended appellant's placement with petitioner Office of Children and Family Services until March 21, 2007, unanimously reversed, on the law, without costs, and appellant's motion to dismiss the petition granted.

Where the petition to extend a placement is not filed at least 60 days prior to the expiration of the period of placement, the court shall first determine at a hearing on such petition whether good cause has been shown for the late filing. If good cause is not shown, the court shall dismiss the petition (Family Ct Act § 355.3 [2]). Here, the only reason given by the youth division counselor in his "Affidavit Showing Good Cause" in support of the admittedly untimely petition, filed May 12, 2006, was that the petition was being filed after the April 24 deadline because—despite the initial plan to release respondent to his mother—appellant had been transferred to a "step-up" facility on March 17 for refusing to follow the program's expectations at the nonsecure facility where he had been placed. In addition, based upon monthly conferences with appellant's mother starting January 8 and continuing through May 2, 2006, the counselor was told by her that because of appellant's behavioral problems in a structured setting, there was "no way he's ready to be under her supervision at this time."

Given the foregoing, petitioner failed to show good cause for its failure to timely file its petition for an extension of appellant's placement until his eighteenth birthday. This case is factually distinguishable from *Matter of Natalie B.* (32 AD3d 1323 [2006]), where the agency established that the filing was delayed because it did not initially believe an extension of placement would be necessary until shortly before the filing deadline. Here, on the other hand, despite the counselor's stated plan to return appellant to his parents, which was petitioner's stated plan since appellant's original placement, it was evident as early as January 8, 2006, and certainly no later than March 17, that such plan was unfeasible and continued placement was not only warranted by appellant's behavior, but was desired by his mother. Indeed, it appears from the record that the counselor's affidavit was originally prepared for signature on March 6, 2006, well before the deadline, but was not signed and sworn to until May 5.

This is not a case where good cause was found based upon petitioner's decision to await the final determination of a new criminal proceeding pending against appellant (*see Matter of Francis H.*, 253 AD2d 691 [1998]), or where a change of circumstances, such as a series of bad acts, occurred after the deadline for filing (*see Matter of Donald MM.*, 241 AD2d 634 [1997]). It is more akin to administrative neglect or failure, which excuse, without more, does not constitute good cause for the failure to timely file the petition for extension of placement (*see Matter of Scott B.H.*, 198 AD2d 278 [1993]; *Matter of Wayne S.*, 193 AD2d 371, 372 [1993]). Concur—Mazzarelli, J.P., Andrias, Marlow, Buckley and McGuire, JJ.