■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ROSS, Appellant. [841 NYS2d 173]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered August 25, 2004 in Albany County, upon a verdict convicting defendant of the crimes of rape in the first degree and unlawful imprisonment in the second degree.

On October 20, 2002, at approximately 3:00 A.M., the victim went to the Willow Inn in the City of Albany, where she saw defendant, whom she recognized as the brother of her deceased husband's best friend. According to the victim, after drinking and talking with defendant for a short time, the bar prepared to close and defendant asked her to go to a party with him. She agreed and, as they left, they were joined by Richard Johnson and Neal Valentine, who were not known by the victim. Defendant, however, told her that Johnson was his friend and they would be riding in his van. Johnson then drove the group to Valentine's apartment. Upon entering, the victim became very apprehensive and asked to leave because the apartment was nearly empty. Defendant, however, put her in a room where he told her to stay and left for a very short time. After he returned, Johnson brought in a mattress and left. Although she tried to

leave, defendant pushed her down on the mattress and raped her. She then heard defendant and Valentine argue over payment for use of the room, after which defendant left. Johnson then entered the room and raped and sodomized her. When Valentine attempted to sodomize her, she escaped and contacted the police. Defendant, upon his conviction for rape in the first degree, was sentenced to 17½ years in prison with five years of postrelease supervision. Upon his conviction for unlawful imprisonment in the second degree, he was sentenced to one year of incarceration, to run concurrently. Defendant appeals, asserting two *Brady* violations, trial error when Supreme Court would not admit Johnson's plea allocution into evidence, ineffectiveness of counsel, that the sentence was unduly harsh and that the unlawful imprisonment charge should have been dismissed because it merged with the rape charge.

Defendant's arguments are, to some degree, premised on his version of what occurred and his defense theory. According to defendant, after he and the victim left with Johnson and Valentine, they stopped at several motels to rent a room but, because of the late hour, no one at the motels would answer the buzzer. After buying more beer, they went to Valentine's apartment where he and the victim had consensual sex and the victim accused him of rape in retaliation for leaving her where Johnson and Valentine could rape and sodomize her. Johnson entered a plea of guilty to rape. In his presentence investigation report, he is reported to have made statements corroborative of defendant's version and contradictory to the victim's. Failure of the People to turn over the presentence investigation is the basis for defendant's first *Brady* violation claim.

A *Brady* violation occurs when the People fail to surrender to a defendant exculpatory material evidence (*see Brady v Maryland*, 373 US 83, 87 [1963]). "[T]o be considered exculpatory and therefore subject to disclosure under *Brady*, the withheld evidence must actually bear on the issue of the defendant's guilt or innocence. It is not enough that possession of this evidence might affect a defendant's tactical decision to plead guilty or change his assessment of the strength of the People's case" (*People v Carter*, 258 AD2d 409, 412 [1999], *lv denied* 94 NY2d 798 [1999]; *see People v Jones*, 44 NY2d 76, 81-82 [1978], *cert denied* 439 US 846 [1978]). In addition, *Brady* requires disclosure of evidence "which is material to 'the credibility of a prosecution witness whose testimony may be determinative of guilt or innocence' " (*People v Hawes*, 298 AD2d 706, 708 [2002], *lv denied* 99 NY2d 582 [2003], quoting *People v Baxley*, 84 NY2d 208, 213 [1994]). Evidence is material when, after a generalized

demand for disclosure by the defendant, there is a reasonable probability that the trial result would have been different (see *People v Hawes, supra* at 708).

With respect to this issue, we first note that defendant did receive a copy of Johnson's presentence investigation report, albeit untimely, and he registered no objection. Absent an objection, this issue is not preserved for appellate review (see CPL 470.05 [2]; *People v Rogelio*, 79 NY2d 843, 844 [1992]). Nevertheless, were we to reach the merits of defendant's claim, we would find no reversible error. While Johnson's statements in the presentence investigation report impact the credibility of the victim and suggest, at least inferentially, that the victim left the Willow Inn with defendant for the express purpose of having consensual sex, when defendant called Johnson to testify, Johnson invoked his Fifth Amendment right, leaving defendant unable to introduce Johnson's exculpatory statements into the record for the jury's consideration. Accordingly, we conclude that no violation of *Brady* occurred in this regard.

Defendant's second claim that a *Brady* violation occurred stems from the prosecution's failure to correct the testimony of defendant's cellmate that he received no promise of leniency in his own sentence in exchange for testifying that defendant, while in jail, had confessed to him that he had raped the victim. Clearly, the " 'existence of an agreement between the prosecution and a witness, made to induce the testimony of the witness, is evidence which must be disclosed under *Brady* principles' " (*People v Novoa*, 70 NY2d 490, 496 [1987], quoting *People v Cwikla*, 46 NY2d 434, 441 [1979]). Indeed, "the prosecutor is obligated to correct misstatements of a witness regarding the consideration given for the witness's testimony" (*People v Schwartz*, 240 AD2d 600, 600 [1997]). Recognizing the potential *Brady* violation, Supreme Court commendably obtained a stipulation from counsel that the entire plea allocution of the cellmate be admitted into evidence and that defense counsel read portions of it to the jury. This action, coupled with counsel's closing arguments addressing this issue, resulted in fully disclosing the promise of leniency in exchange for the testimony. The jury, therefore, was able to judge the credibility of this witness and all possible prejudice to defendant was eliminated (see *People v Richard*, 30 AD3d 750, 754 [2006]).

Next, turning to defendant's argument that Supreme Court erred by refusing to admit Johnson's plea allocution into evidence, we first note that "a party who takes exception to the rejection of evidence must be certain that the offer of proof is made plainly and unequivocally, leaving no room for debate

about what was intended" (*People v Greany*, 185 AD2d 376, 377 [1992]; *see People v Tenace*, 232 AD2d 896, 898 [1996], *lv denied* 89 NY2d 989 [1997]). Here, defendant failed to detail with any specificity what was contained in Johnson's plea allocution and its relevance to defendant's defense but, instead, merely argued that it should not be considered hearsay. As defendant failed to demonstrate the relevance of Johnson's plea, Supreme Court acted within its discretion in refusing to admit it (*see People v Greany, supra* at 377; *People v Billups*, 132 AD2d 612, 613 [1987], *lvs denied* 70 NY2d 873 [1987], 70 NY2d 1004 [1988]).

In any event, defendant's appellate argument that Supreme Court erred in not admitting Johnson's plea allocution as a statement against penal interest is without merit. A declaration may be admitted as a statement against penal interest provided that "(1) the declarant is unavailable to testify in person, (2) at the time the statement was made, the declarant was aware that it was against his or her penal interest, (3) had competent knowledge of the underlying facts, and (4) there is some other evidence, outside of the statement itself, tending to demonstrate its reliability and trustworthiness" (*People v Darrisaw*, 206 AD2d 661, 663-664 [1994]; *see People v Campney*, 252 AD2d 734, 735 [1998]). Although the first three elements are satisfied, nothing in this record demonstrates that any portion of Johnson's plea allocution is trustworthy and reliable insofar as exculpatory evidence helpful to defendant is concerned.

Next, defendant argues that his trial counsel was ineffective because he failed to cross-examine any medical witnesses, failed to object to prejudicial testimony of the victim and otherwise failed to make objections and motions. Here, given defendant's claim that he had consensual sex with the victim who was then raped by Johnson, it was not ineffective to refrain from cross-examining the medical witnesses who testified to physical evidence of intercourse and DNA evidence tying both defendant and Johnson to the victim. Further, failure to object to the victim's testimony concerning Johnson and Valentine was in keeping with this strategy. While some minor fault may be found with counsel's performance, meaningful representation does not mean perfect representation (*see People v Singh*, 16 AD3d 974, 978 [2005], *lv denied* 5 NY3d 769 [2005]; *People v Koufomichalis*, 2 AD3d 987, 989 [2003], *lv denied* 2 NY3d 742 [2004]). In short, the evidence, the law and the circumstances of this case, viewed in totality, reveal effective representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

Defendant's last two arguments merit little discussion. His claim that the unlawful imprisonment charge should have

merged with the rape charge and been dismissed was not argued in Supreme Court and is not preserved for review (*see* CPL 470.05 [2]; *People v Knapp*, 213 AD2d 740, 741 [1995]). Moreover, as his sentence falls within the permissible range for the crime committed and there are no extraordinary circumstances that warrant intervention and the court did not abuse its discretion (*see People v Sidbury*, 24 AD3d 880, 881 [2005], *lv denied* 6 NY3d 818 [2006]; *People v Tirado*, 19 AD3d 712, 714 [2005], *lv denied* 5 NY3d 810 [2005]), the sentence will not be modified.

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.