*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 2, 2016                     521854
_____

In the Matter of JOSHUA LL.,
    a Juvenile Delinquent.

SULLIVAN COUNTY DEPARTMENT OF
    FAMILY SERVICES,                          MEMORANDUM AND ORDER
                    Respondent;

JOSHUA LL.,
                    Appellant.
_____

Calendar Date:  April 29, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Lynch and Aarons, JJ.

_____

        Michael C. Ross, Bloomingburg, for appellant.

        Glen H. Rosenstein, Sullivan County Department of Family
Services, Monticello, for respondent.

_____

Egan Jr., J.

        Appeal from an order of the Family Court of Sullivan County
(Meddaugh, J.), entered August 7, 2015, which granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 3, to extend respondent's placement with petitioner.

        In June 2014, respondent (born in 1999) was charged in a
petition with committing acts that, if committed by an adult,
would constitute the crimes of burglary in the second degree,
grand larceny in the fourth degree and criminal possession of
stolen property in the fifth degree.  Thereafter, in satisfaction
of that petition and other pending charges, respondent admitted
to conduct constituting criminal trespass in the second degree

and was adjudicated to be a juvenile delinquent.  Following a dispositional hearing, respondent was placed in petitioner's custody for a period of up to one year, with placement to terminate on June 26, 2015.  Petitioner placed respondent in Berkshire Farm Center and Services for Youth, a nonsecure residential detention facility located in Columbia County, and respondent's subsequent appeal to this Court, wherein he claimed that he should have received a less restrictive placement, proved to be unsuccessful (Matter of Joshua LL., 132 AD3d 1201 [2015]).

On June 25, 2015, petitioner sought a permanency hearing and to extend respondent's placement.  Respondent's placement was continued pending a good cause hearing, which was conducted on July 2, 2015.  At the conclusion of that hearing, Family Court denied respondent's motion to dismiss the underlying extension petition as untimely, finding that petitioner demonstrated good cause for failing to file the petition within the time constraints set forth in Family Ct Act § 355.3 (1).  As to the merits, Family Court granted petitioner's application and extended respondent's placement until July 2, 2016.[1]  This appeal by respondent ensued.

A petition to extend the placement of a person adjudicated to be a juvenile delinquent "shall be filed at least [60] days prior to the expiration of the period of placement, except for good cause shown" (Family Ct Act § 355.3 [1]; see Matter of Anthony D., 274 AD2d 727, 728 [2000]).  Where, as here, the petition to extend placement is not filed at least 60 days prior to the expiration thereof, Family Court must "first determine at a hearing on such petition whether good cause has been shown for the late filing" (Matter of Andre T., 37 AD3d 233, 234 [2007]; see Family Ct Act § 355.3 [2]).  If good cause is established, the court then considers whether the petitioner has demonstrated,

_____

[1]  Although the order set down July 2, 2015 as the date upon which respondent's placement would terminate, it is apparent from a review of the order in its entirety — including references to the next scheduled permanency hearing — that this is a typographical error and that respondent's placement actually ends on July 2, 2016.

by a preponderance of the evidence (see Family Ct Act §§ 350.3 [2]; 355.3 [3]), that an extension of placement would protect both society and the best interests of the respondent (see Family Ct Act § 355.3 [4]; Matter of Ashanti W., 242 AD2d 539, 539 [1997]). "If good cause is not shown, the court [must] dismiss the petition" (Family Ct Act § 355.3 [2]; see Matter of Andre T., 37 AD3d at 234).

Preliminarily, to the extent that respondent argues that petitioner failed to allege good cause for the untimely filing in the first instance, we need note only that "Family [Ct] Act § 355.3 (1) contains no requirement that [an] excuse for late filing of [an] extension petition be set forth in the petition itself" (Matter of Loren S., 220 AD2d 857, 858 [1995]). As for the proof adduced at the hearing, petitioner's caseworker testified that, although respondent experienced "good days" and "bad days" throughout the course of his stay at Berkshire Farm, respondent "was on a streak where he was doing very well" and, as the end of his placement approached, the assumption was that "he would be discharged." Indeed, Alicia Ferriero, a clinician at Berkshire Farm who had been working with respondent for approximately three months at the time of the July 2015 hearing, testified that, when she took over respondent's case, she was told that "he was being discharged." Within one month of respondent's anticipated June 26, 2015 discharge date, however, his behavior began to unravel. In this regard, Ferriero testified that she sent respondent on a "full home leave" — scheduled for May 20, 2015 to May 26, 2015 — to "test the water[s]" and to see how he was going to "handle being home for a longer period of time." That visit was — by all accounts — unsuccessful, and respondent requested an early return to the facility. On May 30, 2015, respondent was found with marihuana on his person. Thereafter, during a discharge planning meeting held two weeks before respondent's anticipated departure from the facility, which respondent refused to attend, his father expressed concerns about respondent's readiness to return home. Additionally, on or about June 18, 2015, respondent pushed one of his peers down a flight of stairs and, when a staff member intervened, the staff member was assaulted as well. As a result of this incident, a scheduled family visit did not take place. In light of these events, Ferriero concluded that discharge from

the facility was not appropriate at that time and notified petitioner accordingly. According to Ferriero, respondent required "a short period of stabilization" to ensure that he and his father were "in a better place" and, more to the point, to make sure that respondent was possessed of the "coping skills" he would need in order to control his behavior and his anger when he returned to society.[2]

In our view, the foregoing proof, which documented a series of negative events and behaviors occurring shortly before respondent's scheduled discharge date, was sufficient to establish good cause for the untimely filing of the underlying petition (see Matter of Natalie B., 32 AD3d 1323, 1323-1324 [2006]; compare Matter of Andre T., 37 AD3d at 234-235). Thus, Family Court properly denied respondent's motion to dismiss. Such proof also established, by a preponderance of the evidence, that extending respondent's placement was appropriate (see Matter of James T., 259 AD2d 705, 705 [1999]; Matter of Sabrina S., 256 AD2d 914, 915 [1998]; Matter of Ashanti W., 242 AD2d at 539; Matter of Michelle T., 227 AD2d 226, 226 [1996]) – particularly given the absence of a successful home visit, respondent's lack of success in consistently managing his behaviors and his father's stated reluctance for respondent to return home at that time. Accordingly, Family Court's order is affirmed.

McCarthy, J.P., Rose, Lynch and Aarons, JJ., concur.

---

[2]   Ferriero also authored a report dated June 16, 2015, which detailed respondent's progress at Berkshire Farm and recommended an extension of his placement. This report, which appears in the record on appeal, apparently was filed with Family Court prior to the hearing in this matter.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court