Arthur J. Abrams, J.
The respondent, Ann Marie was placed at the State Training School for Girls at Hudson, New York, by the Hon. Jack J. C'annavo on December 11,1969. She was first *517 admitted to the institution on January 14,1970 and was released on July 22, 1970. As a result of absconding from home, the respondent was readmitted to the institution on November 19, 1970. Pursuant to section 756 of the Family Court Act the said institution requested an additional placement extension for one year.
The extension request was dated April 20, 1971 and the supporting data thereto contained a series of most serious allegations such as the self-infliction of wounds and constant attempts to escape. It was further alleged that the respondent had insufficient internal controls to benefit from the semi-structural setting at Hudson and, therefore, had to be transferred to the Brook-wood Center Annex on April 16,1971. The report concluded that the respondent required long-term institutionalization.
The respondent through her parents and Law Guardian objected to the said extension.
On June 25, 1971, testimony was taken and only one witness was called, to wit: one Helen Yatsko, Director of Community Services at the State Tranining School for Girls at Hudson (Brookwood Center Annex). Mrs. Yatsko had no knowledge of respondent’s behavior at Hudson prior to her transfer to the Brookwood Center Annex which occurred on April 16,1971 (four days prior to the preparation of the request for extension form). No evidence of a documentary nature or otherwise was offered relative to the pretransfer period. The witness stated that subsequent to the said transfer, respondent has been a most responsive youngster, has been dealing well with her peers and has been making great strides towards functioning adequately in the setting wherein she was placed. Mrs. Yatsko further stated that, in her opinion, should the extension be granted, the probabilities were that Ann Marie would be paroled in August of this year. When asked by the court what was hoped to be gained by an additional two months stay at the institution, Mrs. Yatsko responded that the prime purpose of the extension was to permit the Community Service Bureau to provide after-care services for the youngster and her family. Mrs. Yatsko admitted that the summer program at Brookwood Center afforded little curriculum which would be of real aid to the respondent except for possibly continued group therapy. The witness seemed to feel that the respondent’s parents were as much a problem as the child, herself, to which the court adds a hearty amen.
We believe an extension of placement hearing is synonymous with a dispositional hearing and thus, evidence need only be relevant and material. Nonetheless, a petition or request form has no probative value and the court, therefore, has to make its *518 determination on the evidence proffered, in this case, Mrs. Yatsko’s testimony. The witness impressed as being competent and candid but failed to establish by a preponderance of evidence that a placement extension was in the child’s or society’s best interest.
Accordingly, and with reluctance that the court does not have the power to order after-care services when it rejects an extension for placement, we are constrained to terminate Ann Marie’s placement at the State Training School for G-irls at Hudson, New York. The petition for extension is denied and the respondent forthwith released to her parents.