■ In the Matter of DENNIS NN., a Person Alleged to be a Juvenile Delinquent, Appellant. — Appeal from an order of the Family Court of Saratoga County (Ferradino, J.), entered March 30, 1984, which adjudicated respondent to be a juvenile delinquent and placed him in the custody of the State Division for Youth.

On February 24, 1984, the Saratoga Springs City Attorney presented a petition to Family Court pursuant to article 3 of the Family Court Act (see L 1982, ch 920, eff July 1, 1983) alleging that the 14-year-old respondent committed acts which, if done by an adult, would constitute the crime of criminal mischief in the fourth degree as defined by section 145.00 of the Penal Law. The errant conduct occurred when the boy came home at 3:00 A.M., and ripped two telephones from the wall in his mother's house and threw them against the wall, destroying the phones and damaging the wall. Family Court conducted a fact-finding hearing at which the mother failed to appear. Based upon the admission of the allegations in the petition by both respondent and his Law Guardian, Family Court found that respondent had committed the acts alleged, ordered a physical examination and remanded him to the custody of the Commissioner of Social Services. After a dispositional hearing, Family Court adjudicated respondent a juvenile delinquent and ordered him placed with the Division for Youth, Title III (training school), for one year with authority to place him in a security facility without

further hearing (Family Ct Act, §§ 352.1, 352.2, 353.3). Respondent has appealed.

Respondent first contends that it was error for Family Court to proceed with the fact-finding hearing in the absence of his mother, who made the initial complaint upon which the petition was presented (see Family Ct Act, § 341.2, subd 3). The record shows that the mother was aware of the hearing and was contacted by telephone on the morning of the hearing at her place of employment in Albany.* She did not request an adjournment, but indicated a desire to attend any further hearings. Respondent and his Law Guardian stated they were prepared to proceed and indicated that no adjournment was necessary to accommodate the mother. Moreover, the mother later testified that she willfully elected not to be present since she did not intend to pursue the complaint. These circumstances prevailing, it cannot be said that Family Court abused its discretion in proceeding in the absence of the mother.

Respondent's next contention, that Family Court erred in failing to obtain the report of a psychiatric examination conducted at the behest of respondent's aunt, is also without merit. Since neither Family Court, petitioner nor the Law Guardian sought a psychiatric examination, it was not incumbent upon them to provide such evidence at the dispositional hearing. Rather, if respondent believed that such evidence would be helpful, it was within his power to adduce the report which had not been made available to petitioner. The cases urged to be controlling are inappropriate since the psychiatric report in each had been prepared either at the instance of the court or the Law Guardian.

Finally, examination of the record discloses that Family Court's decision was based upon a preponderance of the credible evidence and should be affirmed (Family Ct Act, § 350.3, subd 2; see *Matter of Nathan N.,* 56 AD2d 554). In so deciding, we emphasize that Family Court was authorized to consider a wide range of evidence (Family Ct Act, § 350.3, subd 1) in making a decision accommodating the needs of both respondent and the community (Family Ct Act, § 352.2, subd 2).

Order affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

---

* The father was confined at Fishkill Correctional Facility.