■ In the Matter of ALAN SS., Alleged to be a Juvenile Delinquent. ROBERT I. WILLIAMSON, as Tompkins County Attorney, Respondent; ALAN SS., Appellant.—Mikoll, J. Appeal

from an order of the Family Court of Tompkins County (Barrett, J.), entered September 19, 1985, which, in a proceeding pursuant to Family Court Act article 3, granted petitioner's application to extend respondent's placement in the custody of the State Division for Youth.

Respondent was initially adjudicated a juvenile delinquent by Family Court on September 24, 1984. This order was based on a finding that he had committed an act (i.e., brandishing a pellet gun at two individuals) which, if committed by an adult, would constitute the crime of menacing, a class B misdemeanor. A dispositional hearing was thereafter held and, on October 24, 1984, an order of the same date placed respondent in the custody of the State Division for Youth. He was placed at the South Kortright facility. He was paroled from there on June 14, 1985. On August 13, 1985, he was returned to South Kortright pending a parole revocation hearing. The hearing was held and his parole was revoked. On August 14, 1985, a petition for extension of respondent's placement was filed in Family Court. The petition was based on the same grounds as those contained in the parole revocation petition, namely, failure to adhere to curfew, failure to be available for supervision, associating with negative peers and consuming alcohol. After a hearing, an order was issued by Family Court sustaining the allegations of the petition and extending respondent's placement in the custody of the State Division for Youth to September 1, 1986. This appeal ensued.

There should be an affirmance. Respondent's claim that Family Court's determination was not supported by a preponderance of the evidence is rejected. Family Court is authorized to consider a wide range of evidence (Family Ct Act § 350.3 [1]) in arriving at its decision in a dispositional hearing *(Matter of Dennis NN.,* 107 AD2d 914, 915; *see, Matter of Addison,* 20 AD2d 90). Only material and relevant evidence is admissible at the hearing and the "adjudication at the conclusion of a dispositional hearing must be based on a preponderance of the evidence" (Family Ct Act § 350.3 [2]; *see,* Family Ct Act § 355.3 [3]).

At the hearing for extension of respondent's placement, his mother testified that: (1) respondent had violated curfew on several occasions; (2) respondent associated with undesirables in the collegetown area of the City of Ithaca; and (3) she suspected respondent of using drugs and alcohol. She stated that respondent's curfew was 11:00 P.M. on weekdays and midnight on weekends and that he had been seriously late for curfew on four occasions, arriving home between 1:00 and 3:00

A.M. Respondent's mother testified that reports from friends were the basis for her allegations as to what respondent did in the collegetown area and that she could smell liquor or beer on his breath at various times. Respondent's counselor testified that respondent missed two reporting appointments with him. He stated that an extension of placement was necessary based on the rapid deterioration of respondent's behavior in the community upon his release, which showed that he was not ready to be retained in the community on a permanent basis. In his report to his unit supervisor which was submitted to Family Court, the counselor stated that the extension was requested "to return [respondent] to a structured treatment setting with the firm hope that he will learn enough the second time around to avoid criminal difficulty". This testimony was not substantially contradicted by respondent, who ascribed his behavioral difficulties to his inability to get along with his mother's boyfriend. Thus, it appears from the record that Family Court's decision and order extending placement were supported by a preponderance of the credible evidence.

Order affirmed, without costs. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.