■ In the Matter of PERCY H., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of the Family Court, Westchester County (Bellantoni, J.), entered November 28, 1989, made after a hearing, which extended the appellant's placement with the Division for Youth, Title III, for one year, to November 4, 1990.

Ordered that the order is affirmed, without costs or disbursements.

In February 1988, the appellant, then 14 years old, was arrested as a result of two incidents consisting of robbery at knifepoint and attempted robbery, at a White Plains shopping mall. After the defendant pleaded guilty to robbery in the second degree in the County Court, Westchester County, the matter was removed to the Family Court and consolidated with a petition alleging attempted robbery in the second degree. By order of disposition entered March 2, 1989, the appellant was adjudicated a juvenile delinquent and placed with the Division for Youth, Title III (hereinafter DFY) for a period of 18 months from February 24, 1989 to August 23, 1990. That order of disposition was affirmed by this court (*Matter of Percy H.,* 152 AD2d 697). Because the appellant was credited with 10 months spent in detention prior to the Family Court adjudication, and with an additional four months in detention pending the appeal to this court, only four months remained for his placement with the DFY facility. Accordingly, shortly after his arrival at the DFY facility, that agency served a petition pursuant to Family Court Act § 355.3 seeking extension of his placement for an additional 12 months in order to afford him resources and planning for his return to the community.

We find, contrary to the appellant's contention, that the court did not improvidently exercise its discretion in extending his placement for the maximum statutory period of 12 months (*see,* Family Ct Act § 355.3). The court's finding that extension of placement would both protect society and the best interests of the appellant is supported by a preponderance of the evidence (Family Ct Act § 352.2 [2]; *Matter of Lawrence D.,* 125 Misc 2d 944; *Matter of Pannone,* 67 Misc 2d 516).

We find the other issues raised by the appellant to be either unpreserved for appellate review or without merit. Kunzeman, J. P., Kooper, Sullivan and Miller, JJ., concur.