■ In the Matter of LOREN S., a Person Alleged to be a Juvenile Delinquent, Appellant. PAUL J. CHMIELEWSKI, as Representative of the New York State Division for Youth, Respondent. [632 NYS2d 250] —Mercure, J. Appeal from an order of the Family Court of Otsego County (Nydam, J.), entered August 23, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to extend respondent's placement with the New York State Division for Youth.

By petition dated July 1, 1994 and filed July 6, 1994, petitioner sought a one-year extension of respondent's placement with the New York State Division for Youth, which was due to expire on August 7, 1994. In an effort to show good cause for filing the petition less than the requisite 60 days prior to the expiration of the placement (Family Ct Act § 355.3 [1]), petitioner annexed a letter explaining that the petition was filed late "due to special circumstances" in that respondent had been "arrested June 15, 1994 and charged with Assault 1st degree" and was "presently in detention in Rochester". Family Court denied respondent's ensuing motion to dismiss the petition as untimely and, following a hearing, granted the requested extension. Respondent now appeals.

We affirm. Contrary to respondent's argument, Family Court Act § 355.3 (1) contains no requirement that an excuse for late filing of an extension petition be set forth in the petition itself. Accordingly, we find that Family Court did not err when it considered petitioner's July 5, 1994 letter. Nor do we disagree with the court's determination that the requisite good cause was shown (*see, Matter of Aaron XX.,* 199 AD2d 938, 939). The fact that respondent's arrest took place after the deadline for filing a petition did not preclude Family Court's consideration of this factor on the issue of good cause for the late application (*cf., Matter of Heriberto A.,* 198 AD2d 191).

We are further unpersuaded that Family Court erred in considering the information set forth in petitioner's letter in determining the merits of the application. A petition to extend a placement is not an accusatory instrument and, as such, is not governed by the stringent pleading requirements of Family Court Act § 311.1 (*cf., Matter of Jahron S.,* 79 NY2d 632, 635). In any event, the record establishes that respondent's arrest was not the sole basis for the extension request, but was merely the culmination of an escalating pattern of rule violations. Thus, Family Court did not abuse its discretion in granting the petition (*see, Matter of Percy H.,* 159 AD2d 623).

Cardona, P. J., Mikoll, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.