■ In the Matter of KACEY H., a Person Alleged to be in Need of Supervision, Appellant. CHENANGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [636 NYS2d 214] —Spain, J. Appeal from an order of the Family Court of Chenango

County (Dowd, J.), entered May 8, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 7, to extend respondent's placement.

On March 24, 1994, respondent was adjudicated a person in need of supervision and was placed with petitioner for a period of 12 months. After an initial period in a foster home, respondent was ultimately placed by petitioner in a residential facility. Thereafter, by petition dated and filed January 30, 1995, petitioner sought to extend respondent's placement with petitioner for one year beyond the March 24, 1995 expiration of the present order. Notably, pursuant to Family Court Act § 756-a (c), absent good cause shown, a petition to extend placement must be filed at least 60 days before the placement expires, which in this case would have been on January 23, 1995. Since the extension petition was seven days late, respondent moved to dismiss the petition as untimely but petitioner successfully requested a hearing on the issue of, *inter alia*, good cause. Following the hearing, the extension of placement was granted and this appeal by respondent ensued.

We affirm. With respect to the issue of good cause shown, we note that petitioner's employees testified that the delay was caused by a number of factors including a family emergency of one of petitioner's caseworkers and the desire of personnel involved to conduct a conference prior to finalizing plans for respondent's placement. Given Family Court's advantage in assessing the credibility of these explanations first-hand, we find no reason to disturb Family Court's determination that petitioner sufficiently established good cause for petitioner's minimal delay in bringing the extension petition (*cf., Matter of Loren S.*, 220 AD2d 857).

Turning to Family Court's resolution of the merits, we are similarly not inclined to disturb that court's discretion. Evidence at the hearing, including testimony from respondent herself, established that respondent's behavior had not improved since her initial placement with petitioner. Specifically, the proof indicated that respondent continued to act in a manipulative and deceitful fashion by engaging in behavior such as, *inter alia*, stealing, leaving the facility without permission and participating in a prank whereby false reports to the police were called in using the 911 emergency telephone number. Under the circumstances presented here, we find that Family Court did not abuse its discretion in extending respondent's placement (*cf., Matter of Charles BB.*, 179 AD2d 904, 905).

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.