■ In the Matter of MICHELLE T., a Person Alleged to be a Juvenile Delinquent, Appellant. [642 NYS2d 260] —Order, Family Court, New York County (Sara Schechter, J.), entered November 15, 1995, which, after a hearing, extended respondent-appellant's placement with petitioner New York State Division for Youth for six months, unanimously affirmed, without costs.

The finding that a six-month extension of placement would serve appellant's best interests and the need of the community for protection (Family Ct Act § 352.2 [2]; § 355.3 [4]) is supported by a preponderance of the evidence, which showed that she has been physically and verbally abusive to her peers, younger juveniles and agency staff members at the facility, that she rarely attended therapy sessions and was thought by her therapist unready to reenter society, and that the agency made reasonable efforts to return appellant to her home but that her mother is not yet ready to receive her (*see, Matter of Marcus C.,* 212 AD2d 1054). Concur—Wallach, J. P., Ross, Williams and Mazzarelli, JJ.

■ DOWNTOWN ART Co., Respondent, v CATHERINE ZIMMER-MAN, Appellant. [642 NYS2d 259] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about February 5, 1996, which granted plaintiff's motion to strike defendant's jury demand, unanimously affirmed, with costs.

Aside from its contract claims, the main relief plaintiff seeks is an injunction against defendant's continuing her use of the Soho Booking name and logo. Defendant initially asserted a counterclaim for similar relief as against plaintiff, but withdrew it without prejudice. The IAS Court correctly held that "the primary character of the case" is equitable (*Cadwalader Wickersham & Taft v Spinale,* 177 AD2d 315, 316), as neither party would obtain full and complete relief by a judgment for a sum of money (*Murphy v American Home Prods. Corp.,* 136 AD2d 229, 232). Defendant's withdrawal without prejudice of her equitable claim neither changed the character of the action nor revived any right she may have had for trial by jury (*Zimmer-Masiello, Inc. v Zimmer, Inc.,* 164 AD2d 845, 846-847). Concur—Wallach, J. P., Ross, Williams and Mazzarelli, JJ.