■ In the Matter of SABRINA S., a Person Alleged to be a Juvenile Delinquent, Appellant. ROD WHITE, as Representative of the New York State Office of Children & Family Services, Respondent. [681 NYS2d 670] —Peters, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered December 8, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to extend placement of respondent for one year.

After having been adjudicated a juvenile delinquent for committing acts which, if committed by an adult, would constitute the crime of assault in the third degree (*see*, Penal Law § 120.00), respondent was placed with petitioner, resulting in her residency at Lansing Residential Center in Tompkins County. In support of the current petition seeking an extension of placement, testimony was received from respondent's unit administrator at Lansing who testified that respondent has difficulty with peers, fails to follow basic facility rules and continues to exhibit both verbal and passive aggressive behavior. Testimony was also received from her foster care supervisor who recounted respondent's history of engaging in destructive and assaultive behavior when placed in foster care, prompting continued requests for her removal and an adjudication as a person in need of supervision. With respondent's brother and stepfather remaining in the family's home after both were accused of sexually abusing her, testimony concluded with the supervisor's acquiescence in the recommendation for extended placement to solidify respondent's progress by slow transition to a release readiness unit.

Respondent testified on her own behalf, initially attempting to deflect testimony recounted to Family Court of her physical, verbal or passive aggressive behavior. Thereafter, describing some of the positive effects that Lansing had upon her development and her hope to be a productive member of society, the court reserved decision. Under the auspices of wanting to further understand the program at Lansing for future referrals, the court requested, prior to its issuance of a decision, to speak with petitioner "in private" unless objected to by the parties. Respondent's counsel voiced no objection.

Family Court granted petitioner's request for a one-year extension of respondent's placement. Finding respondent to have "pervasive emotional and behavioral problems as a result of extensive abuse by family members and others during her formative years", the court noted that although progress was made, petitioner amply demonstrated that respondent remained unprepared for release to either her home or an independent living situation at this time (*see*, Family Ct Act § 355.3).

Upon respondent's appeal and our review, according deference to Family Court's assessment of credibility (*see*, *Matter of Ryan V.*, 243 AD2d 865, 867; *Matter of Jennifer T.*, 224 AD2d 843, 845), we find the extension of placement to be supported by a preponderance of the credible evidence and in the best interests of both respondent and society (*see*, *Matter of Kacey H.*, 223 AD2d 876; *Matter of Loren S.*, 220 AD2d 857).

As to any error alleged in the ex parte communication with petitioner about Lansing's procedures, we find that with counsel's acquiescence to the request and the determination based solely upon proof presented at the hearing, there exists no discernable error.

Accordingly, the order of Family Court is affirmed.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.