■ In the Matter of Mickie PP., a Person Alleged to be a Juvenile Delinquent, Appellant. Francis Murray, as Ulster County Attorney, Respondent. [684 NYS2d 355] —Spain, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered July 29, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to extend placement of respondent for one year.

Family Court initially adjudicated respondent a juvenile delinquent based upon a finding that he had committed an act which, if committed by an adult, would constitute the crime of sodomy in the first degree. This Court affirmed Family Court's order of disposition placing respondent in the custody of the State Division for Youth (hereinafter DFY) for a 36-month period expiring July 4, 1998 (*see*, 228 AD2d 847). Thereafter, in April 1998, a petition was filed seeking to extend respondent's placement for one year. Following a hearing, Family Court sustained the petition and extended respondent's placement with DFY to July 4, 1999.

Respondent appeals, contending that Family Court's determination was not supported by a preponderance of the evidence because DFY failed to make reasonable efforts to enable him to return to his home. We disagree. In exercising its discretionary power to order an extension of restrictive placement, Family Court must determine that "where appropriate, and where consistent with the need for the protection of the community, reasonable efforts were made to make it possible for the respondent to return to his or her home" (Family Ct Act § 355.3 [4] [i]). Here, the testimony and evaluation report of respondent's DFY counselor indicates that throughout respondent's 36-month restrictive placement he has regularly received sex offender therapy, as well as individual and group therapy tailored to address his specific behavioral problems. Despite these efforts, respondent continues to engage in sexually deviant and physically aggressive behaviors and, in the counselor's opinion, continues to represent a danger to community safety.

Because respondent's behavior has sabotaged DFY's efforts to reintegrate him into the community, he has failed to progress beyond the lowest stage in DFY's behavioral management system. In our view, the record sufficiently supports Family Court's conclusions that DFY's treatment plan was reasonable under the circumstances (*see generally, Matter of Michelle T.*, 227 AD2d 226; *Matter of Alan SS.*, 122 AD2d 306). Accordingly, we perceive no reason to disturb Family Court's order extending respondent's restrictive placement.

Respondent's remaining contentions have been examined and determined to be without merit.

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.