*539 OPINION OF THE COURT
Joan S. Kohout, J.
A motion has been made by the Law Guardian for the respondent requesting an order of preclusion based upon the failure of the New York State Office of Children and Family Services (hereinafter referred to as NYS OCFS) to comply with certain disclosure demands regarding this extension of placement proceeding. The NYS OCFS takes the position in its written response that the respondent is not entitled to any pretrial discovery in this case.
Legal Background
On February 18, 1997 a designated felony juvenile delinquency petition was filed in Monroe County Family Court as a result of a transfer order made by Supreme Court. The respondent, Michael J., was charged at that time with sodomy in the first degree allegedly occurring while he was a resident at Hillside Children’s Center. On February 4, 1997 the respondent made an admission to sex abuse in the second degree and on May 19, 1997 he was placed with the Monroe County Department of Social Services for a period of 12 months so that he could receive sexual offender treatment at George Jr. Republic.[1]
On February 13, 1998 the Monroe County Department of Social Services petitioned Family Court for an extension of placement and a transfer of the respondent to the NYS OCFS. On April 3, 1998 placement was extended for 12 months and the respondent was transferred to the custody of the NYS OCFS for placement in a “limited secure” facility where he would receive close supervision, as well as treatment.
On December 17, 1998 the NYS OCFS filed this extension of placement of petition requesting that the respondent’s placement be continued for an additional period of 12 months. The petition itself contains little information other than that the respondent is presently at the Goshen Residential Center in Goshen, New York. Attached to the petition is a copy of the last order of placement made on April 3, 1998 and an undated unsworn “clinical summary” signed “Jill Haysom, CSW.”
*540 The respondent has objected to the petition and requested a hearing, as is his legal right under Family Court Act § 355.3. In preparation for the hearing, respondent’s Law Guardian served two documents on NYS OCFS entitled “CPLR Article 31 Disclosure Demands” and “Demand for Bill of Particulars.” The NYS OCFS has refused in writing and in open court to comply, taking the position that the Law Guardian is not entitled to any disclosure or discovery since this is an extension of placement action. The agency has not lodged any objections to the specifics of the disclosure or bill of particular demands, but instead has taken a policy position that the respondent in an extension of placement proceeding under article 3 of the Family Court Act is not entitled to any discovery. Additionally, counsel for the agency alleges that NYS OCFS is not able to comply with discovery demands because of its limited legal staff.[2] No motion for a protective order was made by the agency. (See, CPLR 3103.)
The respondent has now moved for preclusion based upon the refusal of NYS OCFS to provide discovery or to respond to his demand for a bill of particulars. As a result of his motion the hearing on the merits of the extension of placement originally scheduled for March 10, 1999 was adjourned until April 1, 1999. The respondent’s placement is set to expire on April 2, 1999.[3]
Conclusions of Law
This action is brought pursuant to Family Court Act § 355.3. The statute requires that a petition to extend placement petition be filed by the placement agency, but does not direct specific requirements regarding the contents of the petition. (See, Family Ct Act § 355.3 [1].)
Even though an extension of placement action occurs after a determination of guilt and is in many ways similar to a dispositional hearing (cf., Family Ct Act § 352.2 [2]) the respondent retains certain due process protections, including the right to have notice of the hearing, be present with counsel and have an opportunity to refute the petition. (People ex rel. Arthur F. v Hill, 36 AD2d 42, affd 29 NY2d 17; see also, In re Gault, 387 US 1 [1967].)
*541 Family Court Act § 355.3 contemplates such a hearing to occur on an expedited basis. The petition must be filed 60 days before the order expires and only limited authority is given to the court to extend placement pending a final decision. (Family Ct Act § 355.3 [5].) At the conclusion of the hearing, the Family Court may extend placement for a maximum of one year based upon the best interests of the respondent and the need of the community for protection. (Matter of Percy H., 159 AD2d 623 [2d Dept 1990].)
Counsel for NYS OCFS correctly states that there is no specific statutory provision in article 3 affording a respondent in an extension of placement case prehearing discovery. However, Family Court Act § 165 (a) provides that when the Family Court Act provides no specific procedure, the CPLR shall apply “to the extent that they are appropriate to the proceedings involved.”
The court must, therefore, determine to what extent CPLR disclosure and demands for bills of particulars are appropriate to this action. Juvenile cases under article 3 of the Family Court Act are essentially civil in nature, although they have often been described as “quasi-criminal.” (Matter of Gregory W., 19 NY2d 55.) Research reveals no reported cases on this issue.
Given the respondent’s right to have notice of the proceedings, however, court finds that it is a natural extension of his due process rights to have clear statements provided as to the bases for the request to continue his placement. The respondent is housed in a limited secure facility and there is no doubt that he has a considerable liberty interest in whether he is required to remain in placement.[4] The fact that he is being provided with treatment, supervision and education does not eliminate the essential fact that he is maintained in a juvenile correctional facility against his wishes.
The petition filed in this case contains no sworn statements in support of the agency’s claims that the respondent is in need of continued confinement. As a result, the Law Guardian’s request for a bill of particulars and for additional disclosure is reasonable and necessary to formulate a defense for his client. Additionally, it is significant that the petitioning agency is the custodian of the respondent and as such can reasonably be
*542 expected to be in possession of the essential information requested.
Since the NYS OCFS does not claim that any items in the demand for a bill of particulars or in the disclosure demand were improper or overbroad, the court need hot review the specific requests. The Law Guardian moves for preclusion pursuant to CPLR 3042 (d) for failure to provide a bill of particulars. Although the court finds the failure to be wilful, it also determines that NYS OCFS relied on a misinterpretation of law in an area without specific legal authority and, therefore, will direct a conditional order of preclusion which will be satisfied if the agency complies within 10 days of this order, that is by March 25, 1999.
The court further makes a conditional order of preclusion based on the agency’s failure to comply with the respondent’s demand to produce and demand for expert witnesses (CPLR 3120, 3101 [d] [1] [i]) which will be satisfied if the agency complies within 10 days of this order, that is by March 25, 1999. The short response date is required so that the respondent may be prepared to proceed on the scheduled trial date of April 1, 1999 and is in keeping with the expedited nature of this proceeding.

. At the time of Michael’s placement he was already in the custody of the Monroe County Department of Social Services as a result of the termination of parental rights of his parents some years before. Michael had been in a series of foster placements prior to his placement at Hillside Children’s Center where the sexual offense occurred. He continues to be a ward of the Monroe County Department of Social Services.

. Although Agency counsel orally argued that the provision of any discovery material would be overly burdensome due to lack of legal resources, he did not provide any documentation to support his position.

. Although the extension of placement petition alleges that Michael’s placement terminated on February 2, 1999, all parties agree that this date is erroneous and that his placement does not actually expire until April 1999.

. The court notes that each time Michael comes to court he is shackled about the feet and handcuffed, and is in the custody of transport personnel from the juvenile correction agency. There can be no doubt that he is subject to considerable restrictions on his personal liberty.