(November 22, 1999)

■ In the Matter of MICHAEL RR., a Person Alleged to be a Juvenile Delinquent, Appellant. NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, Respondent. [706 NYS2d 479] —Peters, J. Appeal from an order of the Family Court of Saratoga County (Catena, J.), entered May 4, 1999, which, *inter alia*, granted petitioner's application,. in a proceeding pursuant to Family Court Act article 3, to extend placement of respondent with petitioner for a period of one year.

Respondent (born in 1982) was placed with the Saratoga County Commissioner of Social Services in October 1996 for a one-year period. In January 1997, respondent was adjudicated a juvenile delinquent and placed with petitioner for a period of one year, terminating January 13, 1998. Initially placed in Tryon Residential Center where he was identified as requiring sex offender treatment, respondent was thereafter sent to Highland Residential Center (hereinafter Highland) in August 1997 to participate in a specialized sex offender treatment program. With the consent of all parties, Family Court extended respondent's placement from November 25, 1997 to November 25, 1998. In August 1998, petitioner filed a petition seeking to extend respondent's placement for another year.

At the dispositional hearing, Brian Parrish, respondent's primary therapist, group worker and youth division counselor, testified to respondent's participation in milieu therapy—a highly structured program of group and individual sessions extending 24 hours a day, seven days a week. He described it as consisting of specialized sex offender groups, a cognitive behavioral group, a conflict resolution group, individual counseling and a scholastic program geared specifically toward youth who must address both mental health and sex offender issues. After comparing respondent's suicidal gestures and hospitalizations prior to his admittance at Highland with his current stabilization, he placed respondent in the second of 13 chapters of the psychoeducational component of the Pathways curriculum, the nationally recognized program for sex offender treatment followed at Highland. Describing respondent's recent

commitment as "fully engaged", he tempered future treatment plans as "particularly complex" since he has also been diagnosed with Klinefelter's syndrome.[1] As the recommended treatment is androgen therapy which has aggression as a possible side effect, a concern was raised that such treatment might be counterproductive to respondent's sexual offender treatment. Respondent was scheduled to undergo an endocrinology test in January 1999, at which point the interplay between the endocrinology and psychiatric treatments could be further analyzed.

Assessing him to have a high risk of reoffending, and raising issues of incest alleged to have occurred in respondent's current household, Parrish testified that while he had investigated less restrictive programs to determine whether respondent might be able to receive out-patient treatment, he failed to find an appropriate alternative. Due to respondent's limited progress coupled with the value of milieu therapy, further complicated by the need for intense supervision should a combined therapeutic program result from endocrinology testing, he supported continuing the child's current placement.

The Law Guardian unsuccessfully moved to dismiss the petition, alleging that the proffered testimony did not establish that respondent could not be provided with the same or similar services while at home with electric monitoring. Respondent's parents and his sister thereafter testified as to their willingness to do whatever was necessary to have respondent placed at home. Family Court extended placement to November 25, 1999, prompting this appeal.[2]

In our review, we note that "[i]n exercising its discretionary power to order an extension of restrictive placement, Family Court must determine that 'where appropriate, and where consistent with the need for the protection of the community, reasonable efforts were made to make it possible for the respondent to return to his or her home'" (*Matter of Mickie PP.*, 257 AD2d 975, 976, quoting Family Ct Act § 355.3 [4] [i]). With deference to Family Court's assessment of credibility (*see, Matter of Paul QQ.*, 256 AD2d 751), we find that even with respon-

---

1. Klinefelter's syndrome is a chromosomal anomaly that produces the genotype XXY.

2. Respondent's notice of appeal is from Family Court's decision rather than the dispositional order, which was dated April 30, 1999 and entered May 4, 1999. In the interest of justice, however, this Court can "treat the premature notice of appeal as valid and address the merits" (*Matter of Charlene TT.*, 217 AD2d 274, 276, n 2; *see, Matter of Jeremy L.*, 220 AD2d 908, n, *lv denied* 87 NY2d 807).

dent's family willing to abide by all treatment plans, the testimony overwhelmingly supported the determination that an extension of placement was in the best interests of both respondent and society (*see, Matter of Sabrina S.,* 256 AD2d 914). Notably, it is undisputed that respondent needs intensive sex offender treatment; however, conflicting issues are presented by the diagnosis of Klinefelter's syndrome and the impact that the androgen therapy program may have on his behavior. For all of these reasons, we find a preponderance of the evidence to support the determination rendered.

Further without merit is respondent's contention that he was denied the effective assistance of counsel. The Law Guardian has a duty to perform an active role in exploring realistic dispositional alternatives, including the possibility of placement at the child's home or in the community with the provision of preventive services (*see, Matter of Sandra XX.,* 169 AD2d 992, 994). Our review of the record reveals that such role was fulfilled to the extent possible under these difficult and complex therapeutic circumstances (*see, Matter of Tina PP.,* 188 AD2d 704, *appeal dismissed* 81 NY2d 834).

Mercure, J. P., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.