■ In the Matter of MICKIE PP., a Person Alleged to be a Juvenile Delinquent, Appellant. NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, Respondent. [720 NYS2d 571] —Spain, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered May 4, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to extend respondent's restrictive placement for an additional 12 months.

Respondent was adjudicated a juvenile delinquent in 1995 for committing acts which, if committed by an adult, would constitute the crime of sodomy in the first degree and was placed with the Division for Youth for three years. His placement was extended for one year in 1998 and again for nine months in 1999. Petitioner commenced this proceeding seeking another 12-month extension—two months to complete petitioner's discharge and another 10 months of aftercare in the community, including sex offender treatment and electronic monitoring. After a hearing, Family Court granted the petition, concluding that respondent continues to pose a risk to the community and requires 24-hour supervision. Respondent appeals and we affirm.

Initially, respondent argues that Family Court could not extend his placement without his consent because he is over 18 years old. There is no dispute that, because he is in restrictive placement, the extension of that placement is governed by Family Court Act § 353.5 (5) (d). That section provides as follows: "Upon the expiration of the initial period of placement or any extension thereof, the placement may be extended *in accordance with section 355.3* * * * but no initial placement or extension of placement under this section may continue beyond the respondent's twenty-first birthday" (Family Ct Act § 353.5 [5] [d] [emphasis supplied]). Although this statute contains no consent provision, respondent argues that the above-emphasized language incorporates the consent requirement of Family Court Act § 355.3 (6), which states that: "Successive extensions of placement under this section may be granted, but

no placement may be made or continued beyond the respondent's eighteenth birthday without the child's consent and in no event past the child's twenty-first birthday."

We disagree. These statutory provisions, when read together, evince a legislative intent to displace that portion of section 355.3 (6) dealing with age restrictions on extensions in general, with the more specific provision in section 353.5 (5) (d) designed to address extensions of restrictive placements (*see*, Besharov & Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 355.3, at 510-511). Indeed, the inclusion in section 353.5 (5) (d) of the prohibition against extending placements beyond a respondent's 21st birthday, yet notable absence of any restrictions after the youth turns 18 years of age, can only be meaningful if interpreted to displace the provision dealing with age restrictions in section 355.3 (6). Furthermore, section 353.5 (5) (d) was enacted as part of the Juvenile Justice Reform Act (L 1976, ch 878), which was passed in response to rising violent juvenile crime and designed to provide an alternative to the inclusion of violent juveniles in the adult criminal justice system while adding the protection of the community to the goals to be considered in juvenile delinquency proceedings (*see*, Family Ct Act § 301.1; *Matter of Quinton A.*, 49 NY2d 328, 333). We find petitioner's interpretation of the statute more consistent with that goal inasmuch as, as a practical matter, requiring consent to extend restrictive placements would make such extensions impossible and thus lead to the premature release of potentially dangerous individuals into the community in direct contravention of the clear intent of the statute to provide for such extensions where necessary until a respondent reaches the age of 21 (*see*, *Matter of Luis V.*, 169 Misc 2d 865, 869-871).

We also reject respondent's contention that petitioner failed to undertake reasonable efforts to effect his return to the community and, therefore, the extension should not have been granted (*see*, Family Ct Act § 355.3 [4] [i]; *Matter of Mickie PP.*, 257 AD2d 975, 976). Respondent's counselor testified that, prior to filing the petition commencing this proceeding, petitioner planned on releasing respondent to live with his mother and to provide monitoring and support in a suitable aftercare program. However, due to a fire in the home of respondent's mother which precipitated several moves and a rule violation by respondent resulting in a 90-day hold on any discharge planning, petitioner was not able to complete a home assessment—a necessary initial step to release—until the end of February 2000. As respondent's placement was to expire in April

2000, petitioner commenced this proceeding to obtain sufficient time to accomplish respondent's return to the community and allow for appropriate aftercare supervision. The record establishes that petitioner made repeated attempts to accomplish the home assessment which were thwarted either because respondent's mother was unavailable or because petitioner had not been apprized of a change in address. In light of respondent's rule violation—involving smuggling gasoline into the facility to enable other youth to get high—resulting in a hold on the initiation of the release process, we also find that respondent's own conduct interfered with petitioner's efforts to return him home. Accordingly, we conclude that petitioner's efforts were reasonable and Family Court did not err in granting the extension (*see, Matter of Michelle T.,* 227 AD2d 226).

Finally, to the extent that respondent also challenges the sufficiency of the evidence supporting the extension, we conclude that Family Court did not err in determining that a preponderance of the credible evidence demonstrates that the extension is in the best interests of both respondent and the community (*see, Matter of Sabrina S.,* 256 AD2d 914, 915). Respondent's admitted rule violations, including the aforesaid gasoline incident and several contraband violations, substantiate the opinion of his counselor that respondent remains in need of restrictive placement (*see, Matter of Kacey H.,* 223 AD2d 876, 877). Moreover, the seriousness of respondent's offense and the extended time he has spent in a restrictive facility highlight the need for supervision during his transition back into the community.

Peters, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.