■ In the Matter of ISAIAH O., Appellant, v ANDREA P. et al., Respondents. (And Another Related Proceeding.) [731 NYS2d 273]
—Rose, J. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered April 14, 2000, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of his child.

Petitioner is the biological father of Justin O., who was born in 1988 and initially resided with his biological mother. In 1992, respondent Department of Social Services (hereinafter DSS) removed the child from his mother's care, successfully petitioned Family Court for an order finding him to be ne-

glected, and placed him in foster care with his maternal aunt, respondent Kim P. (hereinafter respondent), who then also began caring for his half-sister. The mother's parental rights were later terminated in a permanent neglect proceeding. In 1996, petitioner began working with DSS to establish regular contact with the child and, in 1998, he applied to Family Court for an order granting him custody of Justin. Respondent then filed a separate petition for custody. After a protracted custody hearing, Family Court issued a decision and order denying petitioner's application and granting respondent custody of the child. Petitioner appeals.*

Initially, we must reject petitioner's contention that respondent lacked standing to petition for custody because she is a foster parent (see, *Matter of Michael B.*, 80 NY2d 299, 310). Since petitioner did not raise the issue before Family Court, it is unpreserved for our review (see, *Matter of David M. v Lisa M.*, 207 AD2d 623, 624). In any event, respondent's familial relationship to the child and her then six-year role as the child's primary caregiver distinguish her status from that of a typical foster parent.

We must also reject petitioner's contention that respondent did not establish the extraordinary circumstances necessary for Family Court to consider whether the child's best interests warrant an award of custody to a nonparent. Extraordinary circumstances have been found in cases of the child's prolonged separation from the biological parent (see, *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544, 546), particularly where it results from the parent's voluntary lack of involvement in the child's life (see, *Matter of Banks v Banks*, 285 AD2d 686, 687-688), and the child's psychological bonding to the custodian (see, *Matter of Michael G. B. v Angela L. B.*, 219 AD2d 289, 293; *Matter of Pauline G. v Carolyn F.*, 187 AD2d 589, 590). Although petitioner has had regular contact with the child since 1996, the record confirms that he abdicated his parental responsibilities for the child's first eight years of life. Thus, Family Court correctly found the requisite circumstances in the child's long-term placement with respondent, petitioner's lack of any meaningful involvement with the child from the time of his birth in 1988 to 1996, and the bonds developed by the child with both respondent and his half-sister (see, *Matter of Scott*

---

* Petitioner's notice of appeal is from Family Court's decision rather than the subsequent order, which was dated April 11, 2000 and entered April 14, 2000. In the interest of justice, however, this Court can "treat the premature notice of appeal as valid and address the merits" (*Matter of Michael RR.*, 266 AD2d 709, 710 n 2 [internal quotation marks omitted]).

*FF. v Laurene EE.*, 278 AD2d 539, 540; *Matter of Michael G. B. v Angela L. B., supra; cf., Matter of Gray v Chambers*, 222 AD2d 753, *lv denied* 87 NY2d 811).

Finally, we are also satisfied that the child's interests would best be served by remaining in respondent's care and custody. We note, as did Family Court, that petitioner disputed neither the parental fitness of respondent nor the suitability of her home. Respondent's provision of a loving and caring home for the child and his half-sister for the past nine years, the child's close relationship with respondent and his half-sister, the child's need for stability, the child's preference, and the fact that petitioner left much of the child's care during visitation to his paramour, who exhibited an unenthusiastic willingness to supervise and care for the child, sufficiently support the custody award (*see, Matter of Michael G. B. v Angela L. B., supra*). In these circumstances, we find it inconsequential that neither party presented expert assessments of the child's physical, mental or emotional health in either remaining with respondent or making the transition to petitioner's custody.

Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.