OPINION OF THE COURT
Alice Schlesinger, J.
Joel Klein in 1996 began working for Opinion One as its executive director. Opinion One was succeeded by Opinion One Holding Company (Holding), and Klein, in January of 2003, signed an employment contract with it. The contract was for a term of three years but could be terminated for cause, but “cause” was not easily shown. And if Klein were to be terminated without cause, he would be entitled to a generous severance payment. This is what happened.
Klein was terminated in February of 2004 allegedly because Opinion One was “ceasing its operations” because the company “was in default under certain obligations to a secured creditor of the company that holds liens against all assets of the company.” (See letter of Feb. 20, 2004 signed by president and CEO Thomas J. Zoretich.)
Klein then sought arbitration and attempted to include Cavi Acquisition, the successor to Opinion One/Holding, as well as Loeb Holding Corporation. These entities resisted the arbitration and their inclusion, but this court did find the termination arbitrable and believed Cavi should be included in it.
The arbitration was held in June of 2005 and the result was a finding that the termination had been without cause and in violation of the employment contract. Therefore, Klein was entitled to his severance payment and was awarded $434,583 plus attorney’s fees of $150,000.
None of this money has yet been collected, but not for lack of effort on Klein’s part. First, Klein obtained a judgment in the amount of the award plus interest, on default against Cavi in federal court on September 29, 2005. Shortly before that, Cavi sold its assets to Interviewing Services of America (ISA), pursuant to an agreement of sale signed by Zoretich on behalf of Cavi and by William J. Wilson and Bruce Lev on behalf of Loeb. These entities, essentially Loeb, the only remaining company, agreed to indemnify ISA for any litigation costs or claims earlier identified in schedule 3.6 of the agreement as Klein’s. Finally, the agreement provided that all amounts due to Cavi under it were to be paid to Loeb.
*901 The history is more complicated than detailed above but it was essentially these events, together with the continued failure of Klein to collect on his judgment, that caused him to initiate this petition (originally dated Apr. 13, 2006 but amended on Dec. 5, 2007), wherein Klein, describing himself as a “judgment creditor” and Cavi as the “judgment debtor” and Loeb as Cavi’s “alter-ego,” seeks to pierce the corporate veil against Loeb and collect his unpaid judgment against it. The relief sought is pursuant to CPLR 5225.
Following the commencement of these proceedings, much in the way of discovery and motions followed. Finally, cross motions for summary judgment were made and decided (and appealed) and Klein filed a note of issue pursuant to this court’s direction by April 30, 2008. In it he demanded a trial by jury.
And that is what this motion, hopefully the last one before the controversy is actually tried, is about. Is the petitioner here, who seeks to pierce the corporate veil and collect his award from Loeb, entitled to a trial by jury or, as the defendants argue, are his claims essentially equitable in nature and thereby triable before a judge.*
At the outset, it should be stated that there is no case precisely on point that either the parties or the court has been able to find in New York, although there is one that fits this category decided in New York, but by the Second Circuit in a federal case, Wm. Passalacqua Bldrs., Inc. v Resnick Devs. S., Inc. (933 F2d 131 [1991]). This is an opinion cited by petitioner and one can certainly see why. On virtually identical facts, vis-avis the kind of claim asserted, the kind of relief sought, and the entities against whom the relief was sought, the court found that a jury trial was warranted. The defense says this decision is based on federal principles and thus not relevant. Yet the principles articulated therein arguably do pertain to both controversies.
In Passalacqua, there was a 1972 contract entered into between plaintiff and Resnick Developers South, Inc. to construct a project in Florida. Disputes arose during construction leading *902 Passalacqua to seek arbitration and to obtain an award, leading to a final judgment which was entered in Florida in 1981. The amount was in excess of $1 million for Resnick’s breach of contract. Part of this award was recovered by an assignee of Passalacqua under a bond guaranteed by principals of Resnick, but a large balance remained. This led the successor plaintiff to institute an action in the United States District Court for the Southern District of New York against separate Resnick entities and family members to pierce the corporate veil and recover the balance of the judgment. (There were other counts in the complaint but these were all dismissed.) The defendants there, similar to this controversy, before trial moved to strike the plaintiffs jury demand, a motion that was denied. A trial was then held, wherein the court vis-a-vis certain defendants and the jury vis-a-vis others, found there was no “alter ego” relationship and thus Resnick (from whom the judgment could not be collected) was solely liable.
An appeal was taken. With regard to the jury question, the parties then put forth the precise positions which are espoused here in this motion. Plaintiff in Passalacqua contended that what it was seeking was enforcement of a money judgment which indicates a legal action. But defendants contended that because plaintiff had already secured a money judgment (there against Resnick, here against Cavi) its claim for money was merely incidental to the equitable piercing claim and did not require a jury trial.
The defendants’ position was rejected, essentially for two reasons. First, the court found that the nature of the relief sought was relief typically achieved in an action at law. The court found that this was analogous to a time when creditors having obtained a judgment against a corporation in equity, then were able to enforce that judgment against the individual stockholders at law. While the relief did have its roots in both law and equity, the court cited to a United States Supreme Court precedent, Beacon Theatres, Inc. v Westover (359 US 500 [1959]), for the principle that a right to a trial before a jury cannot be impaired by blending a claim cognizable at law with a demand for equitable relief in aid of the legal action.
Secondly, and separate from “Seventh Amendment considerations,” the court found this kind of controversy, involving numerous factors such as corporate dominance of another, the observance or lack of corporate formalities, and the intermingling of corporate resources, “is the sort of determination usu *903 ally made by a jury because it is so fact specific” (933 F2d at 137).
The Circuit Court found error in the rulings below and remanded the matter for a new trial. But it should be noted that at the outset of that discussion found in the remainder of the opinion, it was decided that New York law on piercing should be applied.
As indicated earlier, Passalacqua is a federal case. However, I do believe that the principles of law, historical and otherwise, discussed and resolved therein, are applicable to this controversy. This is particularly true since, as noted earlier, there is no clear precedent in New York to rely upon. Further, the same principles and considerations discussed in Passalacqua are viable here as well.
Counsel for the respondents cite to a number of cases standing for the proposition that petitioner waived his right to a jury by combining legal claims with equitable ones. Further, he argues that piercing the corporate veil and/or claims of fraudulent conveyance are clearly equitable. For example, in this connection counsel points to Matter of Morris v New York State Dept. of Taxation & Fin. (82 NY2d 135, 141 [1993]) and specifically this language in discussing the doctrine of piercing the corporate veil: “The concept is equitable in nature and assumes that the corporation itself is liable for the obligation sought to be imposed.”
However, Morris is an interesting discussion of this doctrine in the context of whether an individual could be assessed a tax with regard to boats purchased by a corporation he had ties to. It had nothing whatever to do with whether a jury could hear and determine veil-piercing issues since it was a decision of an Administrative Law Judge of the Division of Tax Appeals that was being challenged. Therefore, the entire opinion deals with whether there was a basis for piercing the corporate veil which the court resolved by saying “No.”
The other cases cited by the defense all deal with equitable relief joined with legal relief resulting in a waiver of the right to a jury trial. But again, none cited specifically refers to actions to enforce money judgments by attempting to pierce the corporate veil. So, for example, in Giammalvo v 2170-2178 Broadway (293 AD2d 390 [1st Dept 2002]), the court affirmed a decision to strike plaintiffs jury demand as “[m]ost of the relief sought in plaintiffs’ original complaint is equitable in nature.” Similarly, in Willis Re Inc. v Hudson (2005 NY Slip Op 30025[U] [2005]), *904 the Supreme Court struck a jury demand as having been waived by the plaintiffs initial request for injunctive relief, clearly equitable, even after that claim had been withdrawn. As that court pointed out, such a determination involving a motion to strike a jury demand must include a determination of “the primary character of the case” (id. at *3, citing Downtown Art Co. v Zimmerman, 227 AD2d 226 [1st Dept 1996]).
In Zimmerman, there was a determination made that neither party could obtain full and complete relief by a judgment for a sum of money. But such cannot be said of this action. Here, Klein is not asking the court to order anything like injunctive relief. Rather, he wants a factual finding to be made that Loeb is the alter ego of Cavi and therefore should be liable for the judgment already obtained against Cavi.
In Cadwalader Wickersham & Taft v Spinale (177 AD2d 315 [1st Dept 1991]), despite the fact that the plaintiff had sought an accounting as part of its relief, an equitable measure, its primary demand was for money, i.e., payment of fees for services it rendered to the defendants. For this reason, plaintiff was entitled to have the case heard and determined by a jury.
Similarly, the court in Miller v Epstein (293 AD2d 282 [1st Dept 2002]) found that the trial court had properly denied defendants’ motion to strike the jury demand because the plaintiffs’ claim was primarily legal in nature and full relief could be obtained solely by means of a monetary award. The Appellate Division also noted that within the context of the case, the fraudulent conveyance claims which sought monetary damages were legal in nature.
Moving counsel also relies on two older cases decided by Supreme Court Justices. The first chronologically is Matter of First Small Bus. Inv. Corp. v Zaretsky (46 Misc 2d 328 [Sup Ct, Queens County 1965]) and the second is Leedpak, Inc. v Julian (78 Misc 2d 5119 [Sup Ct, NY County 1974]). However, both are readily distinguishable on their facts. In Zaretsky, the court decided that pursuant to CPLR 5225 (b) resort to a plenary lawsuit was no longer necessary. But the court did not deal with any of the issues extant here.
In Leedpak, the court differentiated between a respondent who did have a right to a jury on the issue of whether money claimed was actually a loan or something else, while the petitioner did not have a right to a jury trial because the relief sought was asking the court to direct respondent to pay to petitioner a debt owed to a third party. That is distinctly not what the petitioner is requesting here.
*905 Finally, defendants argue that simply because relief is requested pursuant to CPLR 5225, that determines the matter to be equitable and to be tried by a court. I find no such language in the cited section, which concerns the vehicle for bringing a special proceeding regarding property not in the possession of a judgment debtor, here Cavi. It does not discuss equitable claims or the right to a jury.
However, section 4101 of the CPLR does discuss these issues. A claimant is entitled to a trial by jury if he brings an action in which he demands and sets forth facts which would permit a judgment for a sum of money only. I find that that is what Klein has done here. He is seeking a factual determination that Loeb is responsible for a specified sum of money owed to him. That is primarily and exclusively the relief he seeks. If he can convince the factfinders that Loeb dominated Cavi to such an extent, and for improper purposes as pertains to his rights, the verdict will support a judgment in his favor for the amount he already has against Cavi. If he cannot do this, he will still have to look to Cavi. If in the former situation and he prevails, there will be nothing else for the court to do but to enter that judgment.
Based on the above, although I do find the motion timely, despite the delay in bringing it, it is denied and the demand for a jury will stand.

 It should be noted here that other relief, separate from and not in addition to the main relief, is also requested. That refers to an allegedly fraudulent conveyance claim regarding a loan made to Cavi by Loeb on May 28, 2004 wherein 11 months later, Loeb filed a UCC statement regarding a part of it. The latter was an attempt to give a security interest to its shareholder Loeb, as opposed to an outside creditor, Klein. Petitioner wants this set aside. I say it is not in addition to the main claim because all Klein is seeking here is to collect his judgment from a viable entity.